## COMMONWEALTH v. PATRICK WHITE.

APPEAL BY DEFENDANT FROM THE COURT OF OYER AND TERMINER OF LACKAWANNA COUNTY.

Argued February 26, 1890—Decided March 10, 1890.
[To be reported.]

1. Upon the trial of an indictment for robbery, an instruction defining that offence as being the taking of any property from the person of another by force, is error, as it omits the very gravamen of the offence, to wit, the felonious intent.
2. The robbery alleged consisting in the taking of a pinch of tobacco from a boy by force, it was error to charge that the jury had nothing to do with the value of the property taken ; that value they had the right to consider, in determining whether the intent was felonious.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and McCOLLUM, JJ.

Statement of Facts.

No. 97 January Term 1890, Sup. Ct.; court below, No. 20 October Term 1889, O. & T.

On October 2, 1889, the grand jury returned as a true bill an indictment charging Patrick White with robbery from the person of one James Carroll. Issue.

At the trial on October 30, 1889, the following facts were shown: James Carroll, Patrick White, Patrick Caffrey and a number of young persons were standing, on June 11, 1889, about midday, at the corner of Railroad avenue and Luzerne street, in the city of Scranton, immediately across the street from the house of Carroll's parents. Caffrey asked Carroll for some tobacco. The request being refused, Caffrey remarked to Carroll that the latter never had any tobacco, whereupon Carroll said he had lots, and drawing a handful of tobacco from his pocket, showed it to the by-standers. Carroll, and one other witness, testified that after the former had replaced the tobacco in his pocket, the defendant took hold of Carroll, with one hand held his arms behind his back, and with the other took some of the tobacco out of his pocket. Carroll testified also that he did not struggle or try to get away, because he knew it was useless to do so, and that he was not at all afraid of White. He was asked upon cross-examination:

Do you regard this whole transaction as having been a joke on the part of White?

Counsel for the commonwealth objected to the question.

By the court: Objection sustained; it makes no difference whether the prosecutor thought it was a joke or not.

The defendant, testifying on his own behalf, denied that he had put his hand into Carroll's pocket, and stated that after Carroll had pulled out the tobacco and shown it to the crowd, and as he was putting it back into his pocket, the witness took a pinch of it between his two fingers, just to hear Carroll scold; that then the witness held Carroll's hands behind his back and called to Caffrey, " Pat, take some; " that Caffrey replied, " Never mind," and the witness let Carroll go; that while holding Carroll's hands the witness neither took nor attempted to take anything from his pockets or person.

At the close of the testimony, the court, CONNOLLY, J., charged the jury in part as follows:

[At common law, robbery is defined to be the taking of any property from the person of another by force.] [1]  The particular statute under which this defendant is indicted reads as follows : " If any person, being armed with an offensive weapon or instrument, shall rob, or assault with intent to rob another, or shall, together with one or more person or persons, rob, or assault with intent to rob, or shall rob any person, and at the same time, or immediately before or immediately after such robbery, beat, strike or ill-use any person, or do violence to such person, the person so offending shall be guilty of felony, and being thereof convicted shall be sentenced," etc.   [§ 100, act of March 31, 1860, P. L. 408.]

Now, gentlemen of the jury, it may seem to be trifling with the administration of justice to bring a case involving so small an amount, financially, as this, into a court of justice.   But courts are organized for the purpose of seeing justice done, and the penny of the pauper is as sacred in the eyes of the law as the millions of the millionaire.   The law makes no distinction as to the amount, in the definition of robbery given under the common law, nor does the statute deal with the values of property taken from another, if taken by force. Hence, [for the purposes of this case, and for the purpose of dealing with the property, you have nothing whatever to do or say about the value of the property.] [6]   [The questions to be determined by you are : Was there property of any value taken from the person of this prosecutor ?  Was that taken by force and against his will ?  If you so find, then you may find this defendant guilty in manner and form as he stands charged in this indictment.] [2]

The testimony upon which the commonwealth relies in this case for a conviction is, that on the 11th of June last the prosecutor in this case, James Carroll, was at the intersection of Luzerne street and Railroad avenue ; that while he was there he was set upon by the defendant in this case, his hands were put behind his back, and they were held by one hand of the defendant while he put his other hand into his pocket and abstracted therefrom, against the will of the prosecutor, some tobacco.   The testimony of prosecutor is corroborated in almost every detail by the testimony of Patrick Golden, and upon that testimony, and that alone, the commonwealth seeks for a conviction.

Charge of Court below.

The defendant, in his own behalf, goes upon the witness stand, and denies that he took the tobacco from the person of the prosecutor by force, but does admit that he asked for a chew of tobacco which was refused. He also stated that he informed the prosecutor that he never had any tobacco, and at that instant the prosecutor put his hand in his pocket, pulled out a handful of tobacco, exhibited it to him saying, "Haven't I?" And that immediately the defendant took a pinch of tobacco from his hands when he was putting it back in his pocket; that he immediately took hold of him, put his hands behind his back, and called upon a comrade of his named Caffrey who was there, to come and take some tobacco from him. Well, if these are the facts, gentlemen of the jury, it does not constitute the crime of highway robbery. [But it is strange, with the process of the court within easy reach of this defendant, if he could bring a witness or witnesses, and they claim there were a number of persons around there, to corroborate this circumstance—it is strange, we say to you, that such witnesses are not produced, because the process of this court is ready and at the service of either prosecutor or defendant at any moment they require it, and under the constitution of this state, the organic law of this commonwealth, they are entitled to the compulsory process of the court at any time that they seek or demand it.] [4] . . . . .

[We caution you again, that the value of the property taken from the person of the prosecutor, under the circumstances alleged in this case, has no bearing whatever.] [5] [If it is anything that belongs to another, no matter how trifling it is, and it is taken from his person by force, the crime of highway robbery is complete, and the defendant may be convicted.] [3]

The jury returned a verdict that the defendant was guilty as indicted. A rule for a new trial having been discharged, the court sentenced the defendant to pay a fine of $100, to pay the costs of prosecution and to undergo an imprisonment in the county jail for the period of one year. Thereupon, the defendant took this appeal, assigning for error:

1–6. The parts of the charge embraced in [ ] [1 to 6]

10. That the verdict of conviction is not sustained by sufficient evidence.

Arguments.

*Mr. Thomas F. McCourt* (with him *Mr. F. J. Fitzsimmons*),
for the appellant:

1. A felonious intent is a necessary ingredient of the offence
of robbery: 4 Bl. Com., 241; Wood's Institutes, 369; 14 Pe-
tersdorf's Com. Law, 335; 1 Whart. Cr. Law, § 846. To make
it out, all the essentials of the crime of larceny must appear:
1 Bish. Cr. Law, § 553; 2 Idem, § 1058; 2 Russell on Crimes,
101; People v. Nelson, 56 Cal. 77; and to constitute larceny,
the taking must be felonious: 1 Whart. Cr. Law, § 862;
Fields v. State, 6 Cold. (Tenn.) 524; 2 Bish. Cr. Law, § 158;
Phelps v. People, 55 Ill. 334; State v. Ledford, 67 N. C. 60.
The definition given by the court in its charge is the defini-
tion, not of robbery, but of a forcible trespass: State v. Sowls,
Phill. (N. C.) 151. A charge is erroneous which, in defining
theft or robbery, omits to mention the ingredient of felonious
intent: Miller v. People, 4 Col. 182; People v. Cheong Foon,
61 Cal. 527; Holsey v. State, 24 Tex. App. 378; Poe v.
Rasche, 73 Cal. 378; 1 Bish. Cr. Law, § 980.

2. There are various instances in which a taking may be
wrongful without amounting to a felony. One of these is
where it is by way of a joke: McCourt v. People, 64 N. Y.
383; Graves v. State, 25 Tex. App. 333; Devine v. People,
20 Hun 98; 1 Whart. Cr. Law, § 893. That the taking in
the present case was of this character was the main point of
our defence, and the court erred in omitting to refer to this
point, thus leaving the jury to infer that there was no such
point: Relf v. Rapp, 3 W. & S. 21; and the failure to instruct
fully respecting the distinction between trespass and theft, as
applicable under the facts of the case, was error: Howard v.
State, 50 Ind. 190; 1 Bish. Cr. Law, § 980; Bray v. State, 41
Tex. 203; Isaacs v. State, 30 Tex. 450; Bay v. State, 13 Tex.
App. 51. Nor should the court have charged that the jury
had nothing to do with the value of the property taken; its
insignificance was a fact from which the absence of felonious
intent might be inferred.

3. The effect of the instruction referred to in the fourth
specification, was improperly to transfer the burden of proof
from the commonwealth to the defendant, and the legal in-
tendment is that the defendant has been prejudiced thereby:
Johnson v. Collins, 17 Ala. 318; State v. Huffman, 16 Ore. 15.

Arguments.

It is the duty of the commonwealth in a criminal case to lay before the jury a full and complete statement of the transaction alleged to be a crime, bringing in the bystanders and persons most likely to be able to explain it. It is not the duty of the defendant to bring any of them, as the court intimated; the calling of witnesses is merely a privilege of the defendant, which he need not take advantage of, it being incumbent on the commonwealth to prove him guilty, and it is not required that he should prove himself innocent. In a proper case, an appellate court, in favor of the liberty of the citizen, may declare the evidence insufficient for conviction : 1 Bish. Cr. Law, § 1275 ; Pauli v. Commonwealth, 89 Pa. 432 ; State v. Michener, 98 N. C. 689 ; McCourt v. People, 64 N. Y. 587. We submit that this is such a case.

*Mr. H. M. Edwards*, District Attorney, (with him *Mr. C. Comegys*), for the appellee :

1. The jurors of this commonwealth are the judges of the law as well as of the fact in criminal cases. Therefore, a small sin of commission or omission, in the instructions of the judge in a criminal case, is not fatal to the finding of the jury, unless it can be plainly shown that it was misleading to the jury. An omission to mention a thing of most common knowledge, such as that the taking must be with felonious intent to constitute robbery, could not have misled the jury, especially as they had with them the indictment charging a felonious assault and robbery.

2. Taking the charge as a whole, it is obvious that by the expression respecting the value of the property taken, the judge intended simply to convey the idea that property of small value is just as sacred in the eye of the law as that of greater value. The court was not requested to charge that the value might have a bearing upon the question of felonious intent, and said nothing upon that point. The judge did refer to " the main point " of the defence, although not requested so to do, when he repeated the facts testified to by the defendant and instructed the jury that these facts did not constitute robbery. The verdict is sustained by evidence of such character as to render acquittal by another jury improbable, and the judgment should not be reversed: Pilger v. Commonwealth, 112 Pa. 220.

OPINION, MR. CHIEF JUSTICE PAXSON:

The defendant was indicted in the court below for the crime of highway robbery. The proof was, that he took a chew of tobacco from a boy, by force. The jury convicted him of robbery. The court below sentenced him to pay a fine of $100, and to undergo an imprisonment in the county jail for one year.

Complaint is made in the first three assignments that the learned judge below erred in his instructions to the jury as to what constituted the offence of robbery. He said: "At common law, robbery is defined to be the taking of any property from the person of another by force." See first assignment. The same definition, varied slightly in form, is to be found in those portions of the charge embraced in the second and third assignments. The definition given by the learned judge is inaccurate. What he defines as robbery is at most a trespass, and might not even amount to that. Robbery, at common law, is " the felonious and forcible taking, from the person of another, of goods or money to any value, by violence and putting him in fear:" 4 Bl. Com., 242. The learned judge has omitted the very gravamen of the offence, viz., the felonious intent.

We also think it was error to instruct the jury, under the circumstances, that, " for the purposes of this case, and for the purpose of dealing with the property, you have nothing to do or say about the value of the property." It is very true that robbery may be committed of a penny as well of a pound, but to say that the jury should give no consideration to the value of the property, for any purpose, was error. They had a right to take it into consideration, in considering the intent with which the act was committed. If it was not done with a felonious intent, it was not robbery; if it was intended as a practical joke, which is at least probable, it was not robbery. And the jury might well have come to the conclusion, had they been properly instructed, that the taking of a pinch of tobacco, of no appreciable value, precluded the idea of a felonious intent.

The main defence upon the trial below was that the whole affair was a joke. The learned judge does not appear to have referred to this in his charge. On the contrary, he stated in his rulings upon the testimony that " it makes no difference

whether the prosecutor thought it a joke or not." It is very true that a highway robbery cannot be turned into a joke. It is equally true that a mere joke cannot be turned into a highway robbery, and any evidence upon this point should have been submitted to the jury. The defendant was charged with a grave offence; one of the high grade of felonies, triable exclusively in the oyer and terminer, and which at one time was punished with death. The defendant committed a rude and improper act, one that might fairly have subjected him to a prosecution for assault and battery; but the case lacks every element of a felonious intent. Speaking for myself, I would not, as a trial judge, sustain a conviction of robbery upon such flimsy evidence as was developed in this case; and I cannot but think that, had the jury been adequately instructed upon the law, they would have reached a different conclusion.

The judgment is reversed, and a venire facias de novo awarded.