Commonwealth, Appellant, *v.* English.

Argued April 21, 1971. Before Bell, C. J. Jones, Eagen, O'Brien, Roberts, Pomeroy and Barbieri, JJ.

*James D. Crawford,* Deputy District Attorney, with him *Carl B. Feldbaum,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellant.

*Rudolph S. Pallastrone,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, June 28, 1971:

On January 8, 1968, William English, defendant, appellee, was tried for murder of Roosevelt English (no relation to defendant), which took place on May 31, 1967. After four days of trial, the jury found the defendant guilty of voluntary manslaughter. Motions for a new trial and in arrest of judgment were filed and argued. On May 6, 1969, defendant's motion for a new trial was granted and the Commonwealth has taken the present appeal.

From the evidence produced at trial, it is apparent that as the defendant and the deceased (hereafter referred to as Roosevelt) emerged from a tavern they were arguing about a $10 debt which Roosevelt owed the defendant. The defendant hit Roosevelt in the face with his fist and knocked him down with such force that he struck his head on the pavement. While Roosevelt was unconscious, defendant went through his pockets and removed Roosevelt's wallet, which was empty. Eight days after being struck by defendant, Roosevelt died. The cause of death was cranial-cerebral injuries resulting from Roosevelt being punched, knocked down and striking his head on the pavement.

Throughout the trial, the Commonwealth maintained that the death occurred during the commission of a felony, i.e., attempted robbery, and therefore the killing was a felony murder and consequently murder in the first degree. Defendant contended and attempted to establish that there was no robbery, because he was merely making an effort to collect the $10 which Roosevelt owed him.

Defendant requested the trial Judge to charge the jury that in order to find a felony murder the jury must first find that the *defendant intended to rob Roosevelt* and that the homicide occurred while defendant was perpetrating a robbery. At various places throughout the charge, the trial Judge did instruct the jury in accord with defendant's requested point for charge, but the Court went on to say: "Even if the defendant believed that the decedent owed him money, if he tried to take the money by force or violence, it would still be robbery." Although defendant took no specific exception to this portion of the charge, and indeed no general exception to the charge, it effectively negated defendant's only defense, and if incorrect it would constitute basic and fundamental error. See *Commonwealth v. Jennings,* 442 Pa. 18, 24, 25, 274 A. 2d 767. It is this portion of the charge which the trial Judge considered to be error, and *this was his sole reason* for granting defendant's motion for a new trial.

The law is well settled that the grant or denial of a motion for a new trial will not be reversed by this Court, unless the lower Court's Order was a clear abuse of discretion or an error of law which controlled the grant or denial of the new trial. *Commonwealth v. Hartman,* 383 Pa. 461, 119 A. 2d 211. See also *Commonwealth v. Green,* 358 Pa. 192, 56 A. 2d 95.

In these days when crime is rampant and disobedience and defiance of Law and Order are so widespread, it would be folly to permit a person who has an ade-

quate remedy at law to take the law into his own hands and attempt to recover his property or his property claims by force or violence or by any other violation of the law. No matter how worthy a defendant's or any person's objective may be, Law and Order must be preserved. To allow a creditor to resort to violence or force to recover a debt would be an unwarranted Procrustean stretch of a creditor's legal rights.

We expressly hold that a "claim of right" does not entitle a creditor to resort to violence or to justify a forcible robbery of his debtor in order to collect his debts, nor can it create a defense to a felony, such as robbery, or to murder or manslaughter.

It is clear that the grant of a new trial was based upon an error of law,* and it therefore must be reversed.

Order reversed, and case remanded with direction to enter an appropriate sentence.

---

CONCURRING OPINION BY MR. JUSTICE EAGEN:

Robbery is a larceny from the person or presence of another by means of violence or threat of violence. *Commonwealth v. Simpson,* 436 Pa. 459, 260 A. 2d 751 (1970). One of the elements of larceny is a felonious intent to steal, i.e., the animus furandi. It is not larceny where one takes property from another under a claim of right. *Commonwealth v. White,* 133 Pa. 182, 19 A. 350 (1890); 3 Wharton's Criminal Law, §1097. Accord, *Penn-Air, Inc. v. Idemnity Ins. Co. of N. A.,* 439 Pa. 511, 269 A. 2d 19 (1970); *Thomas v. Kessler,* 334 Pa. 7, 5 A. 2d 187 (1939).

Hence, the charge of the trial court was erroneous in part in the instant case. However, since there was

---

* *Commonwealth v. White,* 133 Pa. 182, 19 Atl. 350, has to be construed in the light of the facts in that case. If it attempted to lay down a definition of robbery which is applicable to the facts in the instant case, it is overruled.

more than ample evidence to establish that the accused Committed an unlawful killing and was therefore guilty of voluntary manslaughter, the error, in my view, was harmless.

I concur in the result.

Mr. Justice JONES, Mr. Justice O'BRIEN and Mr. Justice POMEROY joins.

———

CONCURRING OPINION BY MR. JUSTICE ROBERTS:

I concur in the result because neither a specific nor even a general exception was taken to the charge of the trial court. The majority's ever-changing doctrine of basic and fundamental error continues to mystify me. Here, contrary to past applications of the rule, basic and fundamental error is found without requiring even a general exception. Sound principles of judical administration mandate that the type of error here asserted not be heard for the first time on appeal, when the error could have been brought to the trial court's attention in sufficient time to enable that court to correct any possible prejudice.

As I have stated at greater length elsewhere, ". . . the basic and fundamental error test used by the majority in the instant case is too vague and lends itself to inconsistent results." *Commonwealth v. Williams,* 432 Pa. 557, 570, 248 A. 2d 301, 308 (1968) (dissenting opinion). Compare *Commonwealth v. Scoleri,* 432 Pa. 571, 248 A. 2d 295 (1968). This case represents yet another instance of the majority's inability to apply this standard with an even hand. See, e.g., *Commonwealth v. Butler,* 442 Pa. 30, 272 A. 2d 916 (1971); *Commonwealth v. Jennings,* 442 Pa. 18, 274 A. 2d 767 (1971); *Commonwealth v. Lowery,* 440 Pa. 361, 269 A. 2d 724 (1970).