418 A.2d 493

**COMMONWEALTH of Pennsylvania**

v.

**Richard F. DOMBRAUSKAS, Appellant.**

Superior Court of Pennsylvania.

Argued March 19, 1979.

Filed Jan. 18, 1980.

Andrew F. Schneider, Assistant Public Defender, Doylestown, for appellant.

Kenneth G. Biehn, District Attorney, submitted a brief on behalf of the Commonwealth, appellee.

Before VAN der VOORT, HESTER and WIEAND, JJ.*

WIEAND, Judge:

Appellant, Richard F. Dombrauskas, was tried by a jury on counts of robbery, theft, simple assault, recklessly endangering another person and possession of an instrument of crime. He was found guilty of theft and acquitted of all other charges. Following the denial of post-trial motions, appellant was placed on probation for a period of twenty-three months and directed to pay $250.00 in lieu of fine. On appeal, he alleges six trial errors. None of these have merit, and, therefore, we affirm.

Mark Kozak, Michael Donohue, Timothy Rudolph and appellant were engaged in a "friendly" all night poker game at Michael Donohue's apartment. At or about 6:00 A.M., appellant, who had been losing consistently, accused Kozak, who had been winning, of cheating. An argument ensued which erupted into a physical scuffle between appellant and Kozak. Appellant quickly gained the upper hand, took money from Kozak, and released him. Kozak fled the apartment and, later that same day, reported the incident to the police.

Each of the four persons present gave varying accounts of the incident. The victim, Kozak, testified that appellant had

* Judge DONALD E. WIEAND is sitting by special designation.

attacked him with a knife, had taken all his money, and had warned him not to go to the police. Donohue agreed that appellant had been the aggressor but did not see who originally produced the knife.

Appellant testified that Kozak had attacked him with a knife but that he had been able to disarm and overpower him. While he stood over the supine Kozak, appellant stated that he had thrown the knife in the corner and then had asked for the money of which he had wrongfully been cheated. When Kozak offered him his wallet, appellant testified he took only $30.00.

Rudolph corroborated appellant's testimony that Kozak had been the aggressor. Although he did not actually see the knife in Kozak's hand, Rudolph testified that he had observed Kozak reach for his pocket as if "going for something". This incident had precipitated the fight. Rudolph also testified that appellant had taken money from Kozak but did not know how much.

■ Appellant's first allegation of error is that the trial court prohibited appellant from impeaching the victim's credibility by cross-examining him about a prior adjudication of delinquency for armed robbery. The trial court correctly ruled that a witness in a criminal trial may not be impeached by use of a prior adjudication of delinquency. The Juvenile Act of December 6, 1972, P.L. 1464, No. 333, § 27(b), 11 P.S. § 50–324(b); [1] *Commonwealth v. Pilosky*, 239 Pa.Super. 233, 239, 362 A.2d 253, 256–57 (1976). See also: *Commonwealth v. Katchmer*, 453 Pa. 461, 309 A.2d 591 (1973). Moreover, appellant testified, over objection, concerning the victim's involvement in the robbery for the purpose of establishing appellant's defense of self-defense.

■ Appellant next challenges four portions of the trial judge's charge to the jury. The first exception pertains to the emphasized portion of the following passage:

1. This section is now found, in substantially the same form, in 42 Pa.C.S. § 6354(b).

Now, there are a number of crimes tried here. Obviously, they all arise out of the same incident and they are, however, separate and distinct crimes. *The law does not permit punishment one on top of another,* I should say, in a situation like this but it is for you the jury to determine whether or not any of these crimes were committed by this defendant. (N.T. 167) (emphasis added).

This isolated statement is not, as appellant argues, a specific reference to punishment which requires a new trial. See, e. g.: *Commonwealth v. Switzer,* 134 Pa. 383, 19 A. 681 (1890). Throughout the charge, the trial judge emphasized that the jury's duty was to determine the factual issues of the case and that the jury was not to be concerned with possible punishment. Appellant's argument that the foregoing portion of the charge was prejudicial error, therefore, is without merit. Compare: *Commonwealth v. Cavalier,* 284 Pa. 311, 131 A. 229 (1925).

■ Secondly, appellant contends that the trial judge committed reversible error by commenting during the instructions on credibility that had the defense not elicited testimony of appellant's prior conviction on direct examination, the Commonwealth could have introduced it in another fashion. This comment, appellant argues, impaired his trial strategy because it implied to the jury that this tactic was a trick by the defense. The trial judge's comment, although a correct statement, was unnecessary. The remark was made in passing, however, and was not of such a nature as to deprive appellant of a fair and impartial trial. It does not warrant the granting of a new trial. See: *Commonwealth v. England,* 474 Pa. 1, 16–17, 375 A.2d 1292, 1300 (1977); *Commonwealth v. Goosby,* 450 Pa. 609, 611, 301 A.2d 673, 674 (1973).

Appellant next contends that error occurred when the trial court refused to instruct the jury that appellant could not be guilty of theft if he believed that he had a right to retake money taken from him by cheating in a game of cards. The issue raised by this requested point has not previously been decided by the appellate courts of this State.

■ The Crimes Code defines theft by unlawful taking as follows: "A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa.C.S. § 3921(a). To be guilty of theft under this definition, the actor's intention or conscious object must be to take unlawfully the property of another for the purpose of depriving the other of his or her property. 18 Pa.C.S. § 302(b)(1)(ii); *Commonwealth v. Pickett*, 244 Pa.Super. 433, 368 A.2d 799 (1976).[2]

Although there is authority to the contrary,[3] the modern and better reasoned rule is that a claim of right defense is not available to one who employs force or stealth to recoup money lost in a gambling game or to collect an unliquidated debt. See: *State v. Russell*, 217 Kan. 481, 536 P.2d 1392 (1975); *Cates v. State*, 21 Md.App. 363, 320 A.2d 75, 77 A.L.R.3d 1353, *cert. denied*, 272 Md. 739 (1974); *State v. Ortiz*, 124 N.J.Super. 189, 305 A.2d 800 (1973); *People v. Richardson*, 55 App.Div.2d 514, 389 N.Y.S.2d 14 (1976). Disputed claims of this type are better resolved in a court of law than by violence or stealth.

In *State v. Ortiz*, supra, 124 N.J.Super. at 190, 305 A.2d at 801, the Superior Court of New Jersey concluded that the view expressed in some earlier decisions by the courts of other states [4] that a claim of right to property is sufficient to negate felonious intent in such cases was "little more than a relic of days long past". That Court said:

"In our view, the proposition not only is lacking in sound reason and logic, but it is utterly incompatible with and has no place in an ordered and orderly society such as

2. Under the Penal Code of June 24, 1939, P.L. 872, No. 375, § 101, 18 P.S. 4101, a claim of right was held to negate criminal intent and, therefore, was a defense to larceny. *Commonwealth v. Compel*, 236 Pa.Super. 404, 344 A.2d 701 (1975). See also: *Commonwealth v. English*, 446 Pa. 161, 279 A.2d 4 (1971).

3. See: 77 A.L.R.3d 1363, 46 A.L.R.2d 1227.

4. See, e.g.: *People v. Butler*, 65 Cal.2d 569, 55 Cal.Rptr. 511, 421 P.2d 703 (1967). See also cases collected in Annotations cited in footnote 3 supra.

ours, which eschews self-help through violence. Adoption of the proposition would be but one step short of accepting lawless reprisal as an appropriate means of redressing grievances, real or fancied. We reject it out of hand."

Id. at 192, 305 A.2d at 802. Similarly, in *Cates v. State*, supra at 373, 320 A.2d at 81, the Maryland Court of Special Appeals, faced with a similar situation quoted with approval from the dissenting opinion in *People v. Butler*, 65 Cal.2d 569, 55 Cal.Rptr. 511, 421 P.2d 703 (1967), as follows:

"Thus, the question is ultimately one of basic public policy, which unequivocally dictates that the proper forum for resolving debt disputes is a court of law, pursuant to legal progress—not the street, at the business end of a lethal weapon."

This is also consistent with the view espoused by former Chief Justice Bell in *Commonwealth v. English*, 446 Pa. 161, 163–4, 279 A.2d 4, 5 (1971), where he wrote ". . . it would be folly to permit a person who has an adequate remedy at law to take the law into his own hands and attempt to recover his property or his property claims by force or violence or by any other violation of the law". That decision, however, involved a conviction for voluntary manslaughter resulting from a beating inflicted to recover a $10.00 debt and did not involve an attempt to recover a gambling debt. Moreover, four members of the Court expressed the opinion that under the circumstances of that case a claim of right would nevertheless negative the intent to steal required for larceny. To apply that view to the instant case, however, would be to achieve a result contrary to modern legal thought.

■ We hold, therefore, that the proper forum for resolving gambling disputes is a court of law pursuant to legal process. If one resorts to his own resources to take money physically from another in such instances, public policy precludes the assertion of a claim of right defense to a charge of theft by unlawful taking.

After the Commonwealth had rested its case, defense counsel requested the court to consider a motion, made pursuant to *Commonwealth v. Bighum*, 452 Pa. 554, 307 A.2d 255 (1973), to disallow the introduction of appellant's prior conviction to attack credibility if appellant testified. The court refused to consider the motion and ordered defense counsel to proceed. Appellant complains that the failure of the trial court to rule on the motion was reversible error.

■ In *Commonwealth v. Moore*, 246 Pa.Super. 163, 369 A.2d 862 (1977), we held that a trial judge's refusal to rule on a *Bighum* motion was equivalent to an adverse ruling on the issue. Accordingly, we will consider the present issue as though the trial judge had denied appellant's application. We emphasize, however, that "there must be a meaningful exercise of discretion in these cases and that the former per se rule of admissibility has been expressly repudiated". *Commonwealth v. Roots*, 482 Pa. 33, 393 A.2d 364 (1978). See also: *Commonwealth v. Green*, 477 Pa. 170, 383 A.2d 877 (1978).

■ A criminal defendant may be impeached by prior convictions only for crimes involving dishonesty or false statement. The former per se rule of admissibility has been expressly repudiated. In exercising a meaningful discretion to determine the admissibility of such convictions, the trial court must consider the following factors: "1) the degree to which the commission of the prior offense reflects upon the veracity of the defendant-witness; "2) the likelihood, in view of the nature and extent of the prior record, that it would have a greater tendency to smear the character of the defendant and suggest a propensity to commit the crime for which he stands charged, rather than provide a legitimate reason for discrediting him as an untruthful person; 3) the age and circumstances of the defendant; 4) the strength of the prosecution's case and the prosecution's need to resort to this evidence as compared with the availability to the defense of other witnesses through which its version of the events surrounding the incident can be presented; and 5) the existence of alternative means of attacking the defendant's

credibility." *Commonwealth v. Roots,* supra, 482 Pa. at 39–40, 393 A.2d at 367.

■ Applying these guidelines to the case at bar, we observe first that robbery is an offense which involves dishonesty. *Commonwealth v. Jones,* 250 Pa.Super. 98, 106, 378 A.2d 471, 476 (1977); *Commonwealth v. Campbell,* 244 Pa.Super. 505, 509, 368 A.2d 1299, 1301 (1976). Appellant's conviction for a robbery committed in 1971 while appellant was an adult, is not too remote in time to be relevant in determining appellant's credibility. See: *Commonwealth v. Quartman,* 253 Pa.Super. 460, 385 A.2d 429 (1978). Although it was necessary that appellant take the stand to establish his defense of self-defense and although the prior conviction was for the same crime as one of the charges in the case at bar, these were outweighed by the importance of the issue of appellant's credibility. The victim's testimony, which was supported by one eyewitness, was directly contradicted by appellant's testimony, which was supported by the only other eyewitness. The Commonwealth had no other available means to challenge appellant's veracity. Thus, we conclude that the probative value of evidence of appellant's single, prior conviction outweighed any possible prejudice that may have been caused to appellant.

■ To lessen the impact of this evidence, appellant volunteered, on direct examination, that he had been convicted of armed robbery in 1971 in East Orange, New Jersey. On cross-examination, the Commonwealth, over objection, was permitted to ask whether the previous robbery had involved the use of a knife and, further, whether there had also been a charge of carrying a concealed knife which arose from that incident. Appellant contends that it was error for the court to have permitted the Commonwealth to delve into the details of the crime. Judge Price, writing for the Court in *Commonwealth v. Jones,* supra, stated that "evidence of a prior conviction, if introduced solely to impeach a defendant's credibility, should '. . . be limited to the name, time and place and punishment received in the prior offense, in order to minimize the potential prejudice and distraction

of issues already inherent in the mention of prior offenses.' "
Id., 250 Pa.Super. at 108, 378 A.2d at 477.

■ The Commonwealth does not aver that the introduction of these additional facts served any relevant purpose, but contends that once appellant testified to a prior crime he had "opened the door" to further investigation into the details of the crime. The cases upon which the Commonwealth relies, *Commonwealth v. Craft*, 455 Pa. 616, 317 A.2d 213 (1974) and *Commonwealth v. Quaranta*, 295 Pa. 264, 145 A. 89 (1928), do not support this proposition. The general principle in these cases is that where a defendant admits to one conviction on direct examination, the Commonwealth, on cross-examination may introduce evidence of other convictions. In the instant case, the Commonwealth did not introduce other convictions but asked appellant to elaborate upon his robbery conviction. This was error. While a defendant's testimony of a prior conviction may permit cross-examination on that conviction to clear up an erroneous impression created by the defendant, see, e.g.: *United States v. Polk*, 550 F.2d 1265 (10th Cir. 1977), the prosecution does not have unbridled latitude to cross-examine a defendant about the details of a prior conviction. See: *Martin v. United States*, 404 F.2d 640 (10th Cir. 1968). When a defendant testifies to a prior conviction, he or she will not be stripped of safeguards intended to lessen "the natural and inevitable tendency" of the jury to allow the aggravating circumstances of a crime influence their decision in the present charge or to justify a general condemnation of defendant regardless of guilt of the present charge. *Commonwealth v. Jones*, supra, 250 Pa.Super. at 108, 378 A.2d at 476.

Although it was error to permit the Commonwealth to delve into the details of the robbery conviction on cross-examination, we nevertheless conclude that the error was harmless. We have often said that "(t)he scope of cross-examination is largely within the sound discretion of the trial judge, and even if a ruling is erroneous, the error is not grounds for reversal unless it results in apparent injury."

*Commonwealth v. Donnelly,* 233 Pa.Super. 396, 417, 336 A.2d 632, 644 (1975); *Commonwealth v. Dunn,* 212 Pa.Super. 384, 389, 243 A.2d 476, 479 (1968). The only detail elicited by the Commonwealth was that the prior robbery had been committed with a knife; no other information concerning that robbery or any other prior criminal act was alluded to by the Commonwealth. The trial judge, in his charge, cautioned the jury to use the reference to appellant's prior conviction only to assess appellant's credibility and stressed that a prior conviction in no way could be considered as evidencing a propensity to commit robbery. The jury appears to have followed these instructions for it acquitted appellant of those charges in which the use or possession of the knife was an essential element or played a significant role. He was convicted solely of theft where the issue was whether appellant took or was given money which he lost in the poker game. Therefore, this additional evidence was harmless and does not require the granting of a new trial.

Judgment of sentence affirmed.