663 A.2d 191

**COMMONWEALTH of Pennsylvania**

v.

**Thomas NAMACK, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 15, 1995.

Filed Aug. 2, 1995.

Michael E. Geltner, Washington DC, amicus curiae.

Jay R. Rose, Paupach, for appellee Com.

Before WIEAND, BECK and BROSKY, JJ.

BECK, Judge:

Appellant Thomas Namack challenges the sufficiency of the evidence supporting his conviction for defiant trespass, 18 Pa.C.S. § 3503(b)(1). Upon review of the parties' briefs, the record and the applicable law, we conclude that the evidence was insufficient to establish that appellant had the *mens rea* necessary to commit the crime of defiant trespass. We therefore reverse.

Appellant's conviction arose from his use of a trail leading across property owned by complainant John McKay and McKay's father and brothers, to the banks of the Delaware River. John McKay and his father William McKay testified that the property, which they characterized as woodland, was not fenced in any way but was posted against trespassers. The McKays further testified that they had given permission to several neighbors, the appellant among them, to use the trail in order to reach a swimming hole on the river. In May, 1993, John McKay asked appellant to sign a hold-harmless agreement which recited that in consideration of McKay's grant to appellant of permission to use the trail free of charge,

appellant agreed to hold McKay harmless for any injuries or other harm suffered while on the property. Appellant refused to sign the agreement, advising McKay that he believed he had a legal right to use the trail which would be compromised if he signed. Subsequently, McKay presented appellant with a second, similar agreement and told appellant that if he did not sign the agreement, he would not be permitted to use the trail. Appellant responded that he would have to look the agreement over.

On August 15, 1993, McKay met appellant on the trail and asked him whether he had signed the hold harmless agreement. Appellant stated that he had not, and asked whether McKay had received a letter from his lawyer. McKay replied in the negative, and some discussion ensued regarding appellant's right to be on the trail, which ended with appellant telling McKay that he should call the authorities if he felt it necessary. Appellant then left the property.

On August 18, 1993, John McKay filed a private criminal complaint asserting that the August 15 incident constituted a defiant trespass in violation of 18 Pa.C.S. § 3503(b)(1) in that appellant "did, knowing that he was not licensed or priviledged [sic] to do so, enter or remain in any place, to wit: affiants [sic] river property . . . as to which notice against trespass was given by actual communication to him. The defendant then defied an order to leave personally communicated to him by one John S. McKay, the owner/caretaker of the premises and also by affiant's attorney." Appellant was found guilty in summary proceedings before a district justice. He appealed this determination to the court of common pleas, which conducted a non-jury trial on May 2, 1994.

At trial, the prosecution introduced evidence establishing the facts recited above. The defense introduced witnesses who testified that appellant and other members of his family, including those from whom he inherited his property near the trail, had used the trail for many years without permission from the McKays or their predecessors in interest. An aunt of appellant who was born in 1920 testified that the trail had been in use by the family since her childhood and that such

use had always been with the knowledge but without the permission of the owners of the property now owned by the McKays. She testified further that, prior to a flood in 1955, the area surrounding the trail was not woodland, but had been covered primarily with grass and low brush with only a few trees. Appellant and his wife also testified that they had consulted with counsel regarding the trail and had been advised that they had a right to use the trail independent of the McKays' permission and therefore that they should not sign any hold-harmless agreement which suggested that their right to use the trail was dependent upon such permission.

Following the non-jury trial, the trial court found appellant guilty of defiant trespass and sentenced him to pay a fine of $200. This timely appeal followed.

Appellant raises three issues on appeal, each of which essentially challenges the sufficiency of the evidence against him. Because we are persuaded by appellant's first claim, namely that the conviction "must be reversed because there was no evidence or finding below that appellant knew that he was not privileged to be on the property on which he was claimed to be trespassing," we will not address his other claims.

In considering this challenge to appellant's conviction, we are mindful that our review is limited. In reviewing the sufficiency of the evidence, we must determine whether the evidence, and all reasonable inferences deducible therefrom, viewed in the light most favorable to the Commonwealth as verdict-winner, are sufficient to establish *all* the elements of the crime charged beyond a reasonable doubt. *Commonwealth v. May*, 540 Pa. 237, 656 A.2d 1335 (1995).

The crime of defiant trespass is defined as a subspecies of criminal trespass. The pertinent statute provides:

**(b) Defiant trespasser.—**

(1) A person commits an offense if, knowing that he is not licensed or privileged to do so, he enters or remains in any place as to which notice against trespass is given by:

(i) actual communication to the actor; or

(ii) posting in a manner prescribed by law or reasonably likely to come to the attention of intruders; or

(iii) fencing or other enclosure manifestly designed to exclude intruders.

18 Pa.C.S. § 3503(b)(1). Thus in order to establish a violation it is necessary to prove that the defendant: 1) entered or remained upon property without a right to do so; 2) while *knowing* that he had no license or privilege to be on the property; and 3) after receiving direct or indirect notice against trespass. The crime of defiant trespass thus includes an element of intent or *mens rea*. *See Commonwealth v. Carter*, 482 Pa. 274, 393 A.2d 660 (1978) (holding that parallel language in 18 Pa.C.S. § 3503(a), defining crime of criminal trespass with respect to occupied buildings or structures, includes an element of scienter); *Commonwealth v. DeWitt*, 530 Pa. 299, 608 A.2d 1030 (1992) (stating, in dicta, that defiant trespass could not be proven in absence of evidence that appellant knew she was not privileged to be on the subject property). This element of intent, like every other element of the crime, must be proven beyond a reasonable doubt if the conviction is to survive a challenge to the sufficiency of the evidence.

The evidence in this case, even when viewed in the light most favorable to the Commonwealth, does not establish that appellant, when he entered the McKay property on August 15, 1993, knew that he was not privileged to be there. To the contrary, the uncontradicted testimony of appellant and his wife establishes that appellant, after consulting with counsel on the issue, believed that he had acquired a right to use the trail through an easement by prescription. Moreover, the testimony of the complainant himself established that appellant had previously expressed this belief to the complainant. Even if, as the Commonwealth asserts, this belief was in error because no prescriptive easement could be created on unen-

closed woodland,[1] the evidence established no more than a good faith mistake on appellant's part.

    It is well established that a bona fide, reasonable mistake of fact may, under certain circumstances, negate the element of criminal intent. 18 Pa.C.S. § 304 (providing, *inter alia*, that ignorance or mistake as to a matter of fact, for which there is a reasonable explanation or excuse, is a defense if "the ignorance or mistake negatives the intent, knowledge, recklessness, or negligence required to establish a material element of the offense"); *Commonwealth v. Compel*, 236 Pa.Super. 404, 344 A.2d 701 (1975);[2] *Commonwealth v. Bollinger*, 197 Pa.Super. 492, 496, 179 A.2d 253, 255 (1962). "It is

1. We emphasize that we do not decide whether on these facts a prescriptive easement could have been or was in fact created in favor of appellant over the McKays' property.

2. *Commonwealth v. Compel, supra,* dealt with a mistaken claim of right to property which was the subject of a charge of larceny. At common law, and under the Penal Code which was in effect when *Compel* was decided, a claim of right, even if mistaken, was held to negate criminal intent and, therefore, was a defense to larceny. *Commonwealth v. Dombrauskas,* 274 Pa.Super. 452, 459 n. 2, 418 A.2d 493, 497 n. 2. *See also Commonwealth v. English,* 446 Pa. 161, 279 A.2d 4 (1971) (plurality opinion by Eagen, J.). More recent authority, however, has limited this defense in cases where the claim of right is asserted by violence, threat of violence, or stealth. Thus in *Commonwealth v. Dombrauskas, supra,* this court held that "[a]lthough there is authority to the contrary, the modern and better reasoned rule is that a claim of right defense is not available to one who employs force or stealth to recoup money lost in a gambling game or to collect an unliquidated debt. Disputed claims of this type are better resolved in a court of law than by violence or stealth." *Dombrauskas, supra* at 459, 418 A.2d at 497. *See also Commonwealth v. Sleighter,* 495 Pa. 262, 433 A.2d 469 (1981) ("While there exists case law which provides that in certain isolated circumstances a good faith claim of right will negate the requisite mental element for theft, certainly where there is violence or threat of violence in the assertion of that claim of right, the law does not excuse the actor who so asserts his claim." [per Flaherty J., joined by two justices with Roberts, J., joined by three justices, concurring in the result]).

    The limitations that these subsequent cases have placed upon the availability of the claim of right defense in larceny cases do not, however, affect the vitality of the basic principal on which *Compel* instructs, namely that a bona fide, reasonable mistake of fact which negates the element of criminal intent will serve as a defense to the crime charged. Indeed, as noted above, that fundamental principal has now been codified in section 304 of the Crimes Code, 18 Pa.C.S. § 304.

16

not necessary that the facts be as the actor believed them to be; it is only necessary that he have 'a bona fide and reasonable belief in the existence of facts which, if they did exist, would render an act innocent.' *Commonwealth v. Lefever*, 151 Pa.Super. 351, 353–54, 30 A.2d 364, 365 (1943). *See generally, Morissette v. United States*, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952)." *Commonwealth v. Compel, supra* at 407, 344 A.2d at 702–03. When evidence of a mistake of fact is introduced, the Commonwealth retains the burden of proving the necessary criminal intent beyond a reasonable doubt. *Commonwealth v. Cottam*, 420 Pa.Super. 311, 616 A.2d 988, 1000–01 (1992). In other words, the Commonwealth must prove either the absence of a bona fide, reasonable mistake, or that the mistake alleged would not have negated the intent necessary to prove the crime charged.

Here, the evidence clearly establishes appellant's belief that he had a right to be on the property. Moreover, the history of his family's use of the trail, the testimony that the family's right to use the trail had been established when the property was not wooded, and the fact that appellant's actions were based in part on the advice of counsel suggest that appellant's belief was not unreasonable and was held in good faith. Further, if appellant's belief were correct, he would not have been trespassing and thus could not have possessed the knowledge of wrongful presence on the land necessary to the crime of defiant trespass. The trial court did not find the testimony of the defense witnesses incredible. Rather, it completely ignored such evidence on the basis that appellant's subjective belief was irrelevant. As the cases discussed above amply demonstrate, this was error.

Because the Commonwealth failed to establish either that appellant did not have a bona fide belief in his right to use the trail or that the facts believed would not, if true, have rendered his presence on the McKay property entirely innocent, we must conclude that the Commonwealth failed to prove beyond a reasonable doubt that appellant entered the property knowing that he had no license or privilege to do so. In

light of the failure to prove this essential element of the crime of defiant trespass, appellant's conviction must be reversed.

Judgment of sentence reversed.   Jurisdiction relinquished.