J-S52040-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAWN BOZ | : | |
| | : | |
| Appellant | : | No. 2806 EDA 2018 |

Appeal from the Judgment of Sentence Entered June 19, 2018
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0003893-2017

BEFORE:  OTT, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    Filed: December 13, 2019

Shawn Boz appeals from the judgment of sentence entered after a jury

found him guilty of defiant trespass.[1] He challenges the sufficiency and weight

of the evidence. We affirm.

At trial the parties stipulated to the following:

> On or about October 9th of 2016, Shawn Boz, . . . attempted
> to enter Ryan's Pub [("Ryan's")], located at 124 West Gay
> Street in West Chester, Pennsylvania. Clifton Perko, a
> bouncer at Ryan's Pub denied entry due to [Boz's] level of
> intoxication. After being denied entry into the
> establishment, [Boz] punched Mr. Perko in the nose,
> causing Mr. Perko to suffer injury.
>
> On February 27th of 2017, [Boz] pled guilty to that offense,
> simple assault, . . . .
>
> As a specific condition of his plea, [Boz] was prohibited from
> having any contact with Ryan's Pub or its employees, to
> include Clifton Perko. [Boz] agreed to this condition and the

_____

[1] 18 Pa.C.S.A. § 3503(b)(1)(i).

condition was then imposed by Judge Mahon when His honor announced that sentence.

At the time of the instant offense, November 5, 2017, [Boz] was not licensed or privileged to enter Ryan's Pub as the prohibition imposed on February 27, 2017 still remained in effect.

N.T., 5/29/18, at 31. The Commonwealth then presented the following evidence. In November 2017, Boz went to Ryan's and employees asked him to leave. One of those employees was Timothy Prendergast, who was bartending the night of the incident. *Id.* at 36-37. Prendergast approached Boz and asked for his identification card. *Id.* at 40. After reading his name on the card, Prendergast told Boz that he was not allowed in Ryan's and asked him to leave the premises. *Id.* at 40. Boz complied and began to walk out of the pub. *Id.* at 42. Prior to leaving Ryan's, Boz began yelling at employees. *Id.* at 53-54. Boz continued to try to engage in a verbal altercation with the employees until eventually Boz's brother, Abel Osner, dragged Boz out of the vestibule. *Id.* at 55-56.

Boz testified that because of prior unrelated injuries, he "forgets things." N.T., 5/30/18, at 166. He also testified that he did not remember that he was prohibited from entering Ryan's. *Id.* at 168.

The jury convicted Boz of defiant trespass and the trial court sentenced him to three to 12 months' incarceration. Boz filed a post-sentence motion challenging the sufficiency and weight of the evidence, which the trial court denied. *See* Motion for Judgment of Acquittal or a New Trial, filed 6/29/18. This timely appeal followed.

On appeal, Boz raises the following issues:

1. Was the evidence sufficient to support the jury's guilty verdict on the charge of Defiant Trespass pursuant to 18 Pa.C.S.A. §3503 (b)(1)(i)?

   a. Specifically, was evidence sufficient to overcome the defense of mistake pertaining to [Boz's] knowledge of whether he was licensed or privileged to enter the premises?

   b. Additionally, was the evidence sufficient to show [Boz] defied an order to leave the premises personally communicated by an authorized person?

2. Was the jury's guilty verdict on the charge of Defiant Trespass, 18 Pa.C.S.A. §3503 (b)(1)(i), against the weight of the evidence?

Boz's Br. at 4.

When reviewing a challenge to the sufficiency of the evidence, we determine "whether viewing all the evidence admitted at trial in the light most favorable to the [Commonwealth], there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Beasley*, 138 A.3d 39, 45 (Pa.Super. 2016) (citation omitted). Additionally, "the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." *Id.* (alteration in original) (citation omitted).

To prove a defiant trespass, the Commonwealth must prove beyond a reasonable doubt that the defendant: "1) entered or remained upon property without a right to do so; 2) while knowing that he had no license or privilege

- 3 -

to be on the property; and 3) after receiving direct or indirect notice against trespass." ***Commonwealth v. Wanner***, 158 A.3d 714, 718 (Pa.Super. 2017) (quoting ***Commonwealth v. Namack***, 663 A.2d 191, 194 (Pa.Super. 1995)).

Boz maintains that "[t]he facts, taken in the light most favorable to the verdict winner, would not have disproven the defense of mistake pertaining to intent beyond a reasonable doubt." Boz's Br. at 18. He also claims that the evidence was insufficient because "there was no evidence [Boz] defied Prendergast's order to leave once it was communicated to him" on the night of the incident. ***Id.*** at 24.

The trial court concluded that the evidence was sufficient to sustain the conviction. It explained that the jury rejected Boz's testimony that he did not remember that he was prohibited from entering Ryan's. The court added that the evidence that Boz refused to leave when asked, and only left when his brother dragged him from the bar, further supported the conviction:

> There is no dispute that [Boz] entered Ryan's Pub on November 5, 2017 at approximately 1:30 A.M. There is also no dispute that [Boz] was asked by employees to leave and he complied and walked out of the bar. [Boz's] argument that it was a mistake and forgot that he was not allowed to be at Ryan's Pub is not supported by the overwhelming evidence. The jury clearly rejected this claim and it is obvious that they found [Boz] to not be credible when he testified that he did not know that he could not be in Ryan's Pub.
>
> ***
>
> The jury's rejection of [Boz's] claim that he forgot that he was not allowed at Ryan's Pub is abundantly supported by the evidence. [Boz] had a clear memory of the incident in question, the prior assault, his prior convictions and his

- 4 -

guilty plea in front of Judge Mahon. His claim, that the only thing he did not remember was that he was banned from Ryan's Pub, is incredible. . . .

The evidence clearly established that the manager of Ryan's Pub, Mr. Braun, and the employees were authorized persons in charge of the bar that night. . . . They approached [Boz] and asked him to leave.

It first appeared that [Boz] would be compliant as he walked towards the door. Then he turned around in the doorway and was held by his brother so that he would not react. Mr. Osner was guiding him to the doorway and pushing him out as [Boz] yelled at the employees. There is no dispute that [Boz] could have just walked away, but decided not to do so. He stopped his progress to leave and was voicing his disgruntlement . . . .

Trial Court Opinion ("TCO"), filed 4/2/19, at 42-44. We agree with the trial court's well-reasoned explanation regarding Boz's sufficiency claim. Viewing the evidence in the light most favorable to the Commonwealth, the evidence is sufficient to prove that Boz entered Ryan's when he knew he was not privileged to do so, and thus sufficient to overcome Boz's mistake defense. Thus, even if the evidence did not support that Boz remained when he was asked to leave Ryan's, which it does, the evidence was still sufficient to sustain the conviction because Boz entered the property when he was prohibited from doing so. *See Wanner*, 158 A.3d at 718.

Next, Boz challenges the weight of the evidence. Our review of a challenge to the weight of the evidence "is limited to determining whether the trial court abused its discretion in denying the motion for a new trial on this ground." *Commonwealth v. Chamberlain*, 30 A.3d 381, 396 (Pa. 2011). An abuse of discretion exists where there is an "overriding or misapplication of

the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." *Commonwealth v. Santos*, 176 A.3d 877, 882 (Pa.Super. 2017) (quoting *Commonwealth v. Antidormi*, 84 A.3d 736, 749-50 (Pa.Super. 2014)). "Because the trial judge has had the opportunity to hear and see the evidence presented," we give great deference to the "findings and reasons advanced by the trial judge" when reviewing the court's determination of whether the verdict is against the weight of the evidence. *Commonwealth v. Widmer*, 744 A.2d 745, 753 (Pa. 2000).

Boz maintains "[a]s clearly indicated . . . through the surveillance video admitted as Commonwealth Exhibit #2 which is the best evidence, clearly does not support that [Boz] defied Mr. Prendergast's order to leave Ryan's Pub." Boz's Br. at 27. However, the surveillance video is not a part of the certified record, and it was Boz's duty, as appellant, to ensure that the record contained it. *See Commonwealth v. Preston*, 904 A.2d 1, 7 (Pa.Super. 2006) (*en banc*). He has thus waived his argument on appeal. *Id.*

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/13/2019

- 6 -