J-A05029-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GREGORY SPECTOR | : | |
| | : | |
| Appellant | : | No. 514 EDA 2016 |

Appeal from the Judgment of Sentence September 9, 2015
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0012822-2013

BEFORE:   DUBOW, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY MURRAY, J.:                    **FILED MARCH 22, 2018**

Gregory Spector (Appellant) appeals from the judgment of sentence entered after a jury convicted him of attempted murder, attempted theft by unlawful taking (attempted theft), attempted receipt of stolen property, aggravated assault, conspiracy, possessing an instrument of crime (PIC), simple assault, recklessly endangering another person (REAP), and robbery.[1] We affirm Appellant's convictions, but vacate his judgment of sentence and remand for resentencing only.

The trial court summarized the facts of this case as follows:

On July 21, 2013, [Appellant] contacted the complainant,

_____

* Former Justice specially assigned to the Superior Court.

[1]  18 Pa.C.S.A. §§ 901(a), 2502, 3921(a), 3925(a), 2702(a)(1), 903(a), 907(a), 2701(a), 2705, and 3701(a)(1)(i).

Sardor Bolyaganov [(Victim)], through Craigslist to purchase a Samsung Galaxy S3 cell phone. [Appellant] and [Victim] agreed to meet around 4:00 p.m. at Ferndale and Kentwood St[reets] in Philadelphia to conduct the transaction. [Appellant], who was purchasing the phone for his wife, arrived with her at that location. They agreed upon a price of $290 and completed the transaction. Later that afternoon, after having the phone service activated, [Appellant's] wife, Ashley Spector, noticed that the phone began to cut out and indicate that there was no service. [Appellant] called AT&T around 6:30 p.m. that evening to report the issue and was told that the phone's IMEI number was coming back as being stolen. Appellant then contacted [Victim] to return the phone and get his money back. [Victim] told Appellant that he could give him back $200 [because] he spent $90 in the time since the initial transaction. They agreed to meet at the same location around 9:30 p.m.

[Appellant], along with his father, the co-defendant at trial Lonnie Spector, left their residence in Bucks County to meet with [Victim]. [Appellant] had in his possession his personal handgun along with an extra magazine. While driving, [Appellant] called 911 to report what had occurred and for officers to accompany them to meet [Victim]. Following the initial call to 911 at 9:45 p.m.[, Appellant] contacted 911 twice more, at 10:06 p.m. and 10:23 p.m.[,] to alert them to their location and to see when officers were coming to meet them. At the same time, [Victim] was in contact with [Appellant] asking where he was and threatening to leave. Eventual[ly, Appellant] and his father grew impatient and left their location where they were waiting for police to arrive at around 10:30 p.m.

When they arrived at Ferndale and Kentwood St., [Victim] was waiting in his car with his wife at the time, Olena Sirko [(Sirko). Appellant] and [Victim] exited their vehicles, and [Victim] gave [Appellant] the $200. [Appellant] then told [Victim] that he was [not] getting the phone back and aggressively started to yell at [Victim. Appellant's] father, Lonnie[,] then exited the vehicle and ran over to the other two men and stated that he was an undercover cop. Lonnie then grabbed [Victim] and they began to wrestle and both eventual[ly] fell to the ground. At the same time [Appellant] began taking pictures of [Victim's] license plate. [Appellant] th[e]n tried to grab [Victim] and was thrown backwards. [Victim] and Lonnie got up and continued to punch and push

- 2 -

each other. At this point[,] Lonnie was against his car with [Victim] facing him and with [Victim's] back to [Appellant. Appellant] then removed his handgun and from a distance of five or six feet fired twice toward [Victim's] back. Appellant did not say anything before firing. [Victim] immediately fell to the ground. [Appellant] then walked over to [Victim] and pointed his gun at him. [Victim] was not in possession of any weapon at any point on that day.

[Victim] was transported to Aria Hospital-Torresdale around 11:00 p.m. He had a single bullet wound to his back with no exit point and was in shock. The bullet shattered the T10 vertebra and also damaged the T9 vertebra. He was immediately paralyzed from the navel down and will likely be confined to a wheelchair for the rest of his life.

Trial Court Opinion, 11/1/16, at 2-4 (citations to notes of testimony omitted).

On April 24, 2015, a jury found Appellant guilty of the aforementioned crimes. The trial court deferred sentencing for the preparation of a pre-sentence investigation report. On September 9, 2015, the trial court sentenced Appellant to an aggregate term of 17 to 35 years of incarceration. Pursuant to the court's sentencing order, Appellant's aggregate sentence was comprised of the following terms, all to be served consecutively: 10 to 20 years for attempted murder, 2½ to 5 years for PIC; 1 to 3 years for REAP, 2½ to 5 years for attempted theft, and 1 to 2 years for conspiracy.[2]

_____

[2] The court imposed a sentence of 1 to 2 years of incarceration on the conspiracy charge at Count 12. Sentencing Order, 9/5/15. As we will discuss *infra*, the trial court further imposed sentences on eight additional counts of conspiracy (Counts 3, 10, 11, 12, 13, 14, 15, and 16); each of these were to run concurrently with his other sentences.

Sentencing Order, 9/9/15. The sentences for Appellant's remaining convictions either merged or were ordered to be served concurrently with the above-referenced sentences. *See id.*

The trial court summarized the subsequent procedural history as follows:

> Appellant filed a timely Motion for Reconsideration of Sentence and Motion for a New Trial on September 18, 2015 and September 21, 2015 respectively. The post-sentence motions were denied by operation of law on January 19, 2016.
>
> Appellant filed a timely appeal on February 16, 2016. This court entered an Order pursuant to Pa.R.A.P. [1925(b)] on February 19, 2016. Appellant, through new appellate counsel, filed a Motion for Issuance of a New Order on April 1, 2016,[3] which was granted. He then timely filed his response on April 25, 2016.

Trial Court Opinion, 11/1/16, at 1-2.

On appeal, Appellant presents the following issues for our review:

[1.] Was not the evidence insufficient as a matter of law to sustain the Commonwealth's burden of proving that the shooting was not committed in self-defense and/or in defense of Appellant's father, Lonnie Spector?

[2.] Was not the evidence insufficient to sustain the attempted murder conviction where the jury was not instructed on malice in the context of reducing circumstances that would have negated it?

[3.] Was not the evidence insufficient to prove the crimes of

_____

[3] According to Appellant's motion, his counsel never received service of the trial court's original Rule 1925(b) order and thus was unable to submit a timely Rule 1925(b) statement without the issuance of a new order. *See* Motion for Issuance of a New Order, 4/1/16.

- 4 -

robbery and attempted theft and attempted theft by receiving stolen property?

[4.] Did not the lower court abuse its discretion in failing to give a cautionary instruction to the jury or grant a mistrial when the prosecution misrepresented the law as it pertained to self-defense and defense of another person in closing argument?

[5.] Should not this Court grant discretionary review of the sentence imposed, and thereupon vacate [Appellant's] judgment of sentence as excessive and clearly unreasonable?

[6.] Should not the Court vacate illegally imposed sentences on charges for which Appellant was not arraigned, or were in violation of statute or were otherwise subject to merger?

Appellant's Brief at 11.

First, Appellant argues that the evidence was insufficient to prove that he did not act in self-defense or defense of another. Appellant contends that the evidence reveals he possessed the reasonable belief that both he and his father were in danger of death or serious bodily injury when he shot Victim. Additionally, Appellant asserts that neither his nor his father's conduct prior to the shooting "could be construed as a provocation manifesting an intention to cause death or serious bodily injury" to Victim. *Id.* at 23.

In reviewing a challenge to the sufficiency of the evidence, our standard of review is as follows:

As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a

- 5 -

mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, [t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

*Commonwealth v. Franklin*, 69 A.3d 719, 722-23 (Pa. Super. 2013) (internal quotations and citations omitted). Importantly, "the jury, which passes upon the weight and credibility of each witness's testimony, is free to believe all, part, or none of the evidence." *Commonwealth v. Ramtahal*, 33 A.3d 602, 607 (Pa. 2011).

A defendant has no burden to prove that he acted in self-defense or defense of another. *Commonwealth v. Torres*, 766 A.2d 342, 345 (Pa. 2001). Instead, "the Commonwealth bears the burden to disprove such a defense beyond a reasonable doubt." *Id.*

To prevail on a justification defense, there must be evidence of the following:

a) the actor was free from fault in provoking or continuing the difficulty which resulted in the use of deadly force; b) the actor must have reasonably believed that he was in imminent danger of death or serious bodily injury, and that there was a necessity to use such force in order to save himself or others therefrom;

and c) the actor did not violate any duty to retreat or to avoid the danger.

*    *    *

The Commonwealth sustains [its] burden if it establishes at least one of the following: 1) the accused did not reasonably believe that he was in danger of death or serious bodily injury; or 2) the accused provoked or continued the use of force; or 3) the accused had a duty to retreat and the retreat was possible with complete safety.

***Commonwealth v. Smith***, 97 A.3d 782, 787 (Pa. Super. 2014); ***see also*** 18 Pa.C.S.A. §§ 505, 506.

We conclude that the Commonwealth sufficiently disproved Appellant's claim of self-defense and defense of others. Both Victim and his wife, Olena Sirko, testified that Appellant and his father were the verbal and physical aggressors of the altercation. N.T., 4/13/15, at 77-84; N.T., 4/14/15, at 48-49, 113-14. Both Victim and Ms. Sirko stated that when Victim met with Appellant and his father to return their money, it was Appellant and his father who began yelling and cursing at Victim because he did not have the full $290 to return to them. ***Id.*** Likewise, Victim and Ms. Sirko testified that it was Appellant's father who first shoved and grabbed Victim, which was the impetus of the physical altercation that led to the shooting. ***Id.***

Thus, the evidence, viewed in the light most favorable to the Commonwealth as the verdict winner, establishes that the Commonwealth presented evidence that Appellant and his father, Lonnie, were not free from fault in provoking the difficulty that culminated in the use of force. ***See***

***Smith***, 97 A.3d at 787. Although Appellant argues that he and his father were not the aggressors, the jury was free to believe the testimony of Victim and Ms. Sirko. ***See Ramtahal***, 33 A.3d at 607. Accordingly, Appellant's first issue does not merit relief.

Second, Appellant argues that the "evidence was insufficient to sustain the attempted murder conviction where the jury was not instructed on malice in the context of reducing circumstances that would have negated it." Appellant's Brief at 27. Although he attempts to frame his second issue as a challenge to the sufficiency of the evidence, Appellant actually argues that the trial court erred in failing to instruct the jury on imperfect self-defense. ***See id.*** at 27-34. For several reasons, this claim fails.

Appellant, in his concise statement of errors complained of on appeal, omitted any claim that the trial court erred in failing to instruct the jury on imperfect self-defense. Regarding Rule 1925(b), our Supreme Court has stated:

> Our jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements; Rule 1925 violations may be raised by the appellate court *sua sponte*, and the Rule applies notwithstanding an appellee's request not to enforce it; and, if Rule 1925 is not clear as to what is required of an appellant, on-the-record actions taken by the appellant aimed at compliance may satisfy the Rule. We yet again repeat

the principle first stated in **Lord** that must be applied here: "[I]n order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925.  Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived."  [**Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 2011)].

**Commonwealth v. Hill**, 16 A.3d 484, 494 (Pa. 2011) (footnote omitted).

Therefore, because Appellant failed to preserve this issue in his Rule 1925(b) statement, he has waived it.

Appellant has also waived this issue because he never requested that the trial court instruct the jury on imperfect self-defense or otherwise objected to the trial court's instruction for attempted murder.  **See** N.T., 4/21/15, at 3-56.  A "defendant's failure to request a specific instruction will waive any claim that the instruction should have been given." **Commonwealth v. Corley**, 638 A.2d 985, 990 (Pa. Super. 1994); **see also** Pa.R.Crim.P. 647(C) ("No portions of the charge nor omissions from the charge may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate.").

Moreover, even if Appellant had properly raised and preserved this issue, he would not have been entitled to a charge on imperfect self-defense.  Our Supreme Court has held that "a trial court shall only instruct on an offense where the offense has been made an issue in the case and where the trial evidence reasonably would support such a verdict." **Commonwealth v. Bond**, 985 A.2d 810, 821 (Pa. 2009) (quotations and

citations omitted). To prevail on a claim of imperfect self-defense, a defendant must have possessed "an unreasonable rather than a reasonable belief that deadly force was required to save the actor's life. All other principles of justification under 18 Pa.C.S.[A.] § 505 must [be satisfied.]" *Commonwealth v. Sepulveda*, 55 A.3d 1108, 1124 (Pa. 2012) (quotations and citations omitted). Therefore, "if the defendant was not free from fault, neither self-defense nor imperfect self-defense is a viable defense." *Id.* at 1124-25. As we discussed above in Appellant's first issue, the Commonwealth presented evidence that neither Appellant nor his father were free from fault in provoking the altercation that eventually led to Victim's shooting. Accordingly, even if it were properly preserved, Appellant's second issue would be meritless.

Third, Appellant argues that the evidence was insufficient to sustain his convictions of robbery and attempted theft. Appellant contends that the Commonwealth failed to present evidence demonstrating that he caused serious bodily injury to Victim while attempting to commit a theft.

The jury found Appellant guilty of robbery pursuant to Section 3701(a)(1)(i), which states that "[a] person is guilty of robbery if, in the course of committing a theft, he . . . inflicts serious bodily injury upon another." *See* 18 Pa.C.S.A. § 3701(a)(1)(i). Importantly, "[a]n act shall be deemed 'in the course of committing a theft' if it occurs in an attempt to commit theft[.]" 18 Pa.C.S.A. § 3701(a)(2). "A person is guilty of theft if

he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa.C.S.A. § 3921(a). "A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S.A. § 901(a).

Here, there is no dispute that Appellant caused serious bodily injury to Victim. Appellant, however, asserts that there was no evidence that he attempted to commit a theft because even though he refused to return the phone to Victim after Victim returned his money, he intended to turn the phone over to police so that they could return it to its rightful owner. This Court, however, has rejected "self-help" or "claim of right" as a defense to theft. ***Commonwealth v. Dombrauskas***, 418 A.2d 493, 497 (Pa. Super. 1980). We explained that "the proposition not only is lacking in sound reason and logic, but it is utterly incompatible with and has no place in an ordered and orderly society such as ours[.]" ***Id.*** Thus, "public policy precludes the assertion of a claim of right defense to a charge of theft by unlawful taking." ***Id.***

The record reflects that after Appellant informed Victim that the phone did not work because it was stolen, Appellant agreed to accept $200 in exchange for returning the phone to Victim. N.T., 4/14/15, at 39-41. Upon meeting with Victim and receiving his money, however, Appellant refused to return the phone. ***Id.*** at 45-47. Once Appellant received the $200 from

Victim and refused to return the phone, Appellant took a substantial step towards unlawfully exercising control over the movable property of another.

Therefore, the record, viewed in the light most favorable to the Commonwealth, establishes that Appellant committed an attempted theft while causing serious bodily injury to Victim. *See Franklin*, 69 A.3d at 722-23. The evidence thus was sufficient to sustain Appellant's convictions for robbery and attempted theft, such that Appellant's third issue does not entitle him to relief.

Fourth, Appellant challenges the trial court's failure to give a cautionary instruction to the jury or grant a mistrial when the prosecutor allegedly misstated the law relating to self-dense during closing arguments. Appellant's Brief at 37-39. Specifically, Appellant takes issue with the prosecutor stating during closing argument that in order to prevail on a claim of self-defense, a defendant must have "clean hands," *i.e.* be free from fault in provoking the altercation that led to the use of force. *Id.* at 37. Appellant also argues that the prosecutor inappropriately stated that the use of force in defense requires a defendant to be in a "kill-or-be-killed situation." *Id.* at 38. Appellant maintains that these statements constituted prosecutorial misconduct.

The standard of review governing the denial of a motion for mistrial is as follows:

> In criminal trials, declaration of a mistrial serves to eliminate the negative effect wrought upon a defendant when prejudicial

elements are injected into the case or otherwise discovered at trial. By nullifying the tainted process of the former trial and allowing a new trial to convene, declaration of a mistrial serves not only the defendant's interest but, equally important, the public's interest in fair trials designed to end in just judgments. Accordingly, the trial court is vested with discretion to grant a mistrial whenever the alleged prejudicial event may reasonably be said to deprive the defendant of a fair and impartial trial. In making its determination, the court must discern whether misconduct or prejudicial error actually occurred, and if so, . . . assess the degree of any resulting prejudice. Our review of the resulting order is constrained to determining whether the court abused its discretion. Judicial discretion requires action in conformity with [the] law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason.

***Commonwealth v. Jaynes***, 135 A.3d 606, 615 (Pa. Super. 2015) (quotations and citation omitted), ***appeal denied***, 145 A.3d 724 (Pa. 2016).

With respect to a claim of prosecutorial misconduct in a closing argument, this Court has explained:

[I]t is well settled that any challenged prosecutorial comment must not be viewed in isolation, but rather must be considered in the context in which it was offered. Our review of a prosecutor's comment and an allegation of prosecutorial misconduct requires us to evaluate whether a defendant received a fair trial, not a perfect trial. Thus, it is well settled that statements made by the prosecutor to the jury during closing argument will not form the basis for granting a new trial "unless the unavoidable effect of such comments would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant so they could not weigh the evidence objectively and render a true verdict." ***Commonwealth v. Fletcher***, [ ] 861 A.2d 898, 916 ([Pa.] 2004). The appellate courts have recognized that not every unwise remark by an attorney amounts to misconduct or warrants the grant of a new trial. Additionally, like the defense, the prosecution is accorded reasonable latitude, may employ oratorical flair in arguing its version of the case to the jury, and

may advance arguments supported by the evidence or use inferences that can reasonably be derived therefrom. Moreover, the prosecutor is permitted to fairly respond to points made in the defense's closing, and therefore, a proper examination of a prosecutor's comments in closing requires review of the arguments advanced by the defense in summation.

*Id.* (some quotations and citations omitted).

Appellant takes issue with the following portions of the prosecutor's closing argument:

> [Commonwealth]: So the law—as I was saying, the law recognizes justification. And it's, basically, reasonableness. What a reasonable person would do under the same circumstances. Now, the first thing is that the person—the defendants in this situation must have clean hands. They must have clean hands. They have to be free from fault in order to say yes, I was justified in using deadly force. That means that they can't escalate the situation, nor can they continue the situation. That's what that means.
>
> *        *        *
>
> The second thing is they have to be in a killed-or-be-killed situation. Once again, [a] killed-or-be-killed situation.

N.T., 4/20/15, at 194, 196.

Although Appellant's claim that the prosecutor misstated the law governing self-defense is tenuous at best, even assuming, *arguendo*, that the prosecutor misstated the law during closing arguments, it did not necessitate a mistrial. Our Supreme Court has held that even where a prosecutor has misstated law during closing arguments, a claim of prosecutorial misconduct will nonetheless fail where the trial court correctly instructs the jury on the law and cautions the jury "to take the law from him

- 14 -

and not from the attorneys." ***Commonwealth v. Travaglia***, 661 A.2d 352, 361 (Pa. 1995).

In this case, the trial court provided the jury with detailed and proper instructions on the law relating to self-defense and defense of others. ***See*** N.T., 4/21/15, at 89-94. Appellant did not object to these instructions. ***See id.*** Additionally, the trial court instructed the jury that it was to develop its understanding of the law only from the instructions of the court and not counsel. N.T., 4/20/15, at 199-200. Therefore, we conclude that even assuming, *arguendo*, that the prosecutor misstated the law relating to self-defense, the trial court's instructions to the jury cured any defect. Accordingly, the trial court did not abuse its discretion in denying Appellant's request for a mistrial.

Fifth, Appellant challenges the discretionary aspects of his sentence. Appellant argues that his sentence of 17 to 35 years of incarceration is "manifestly excessive" and "clearly unreasonable." Appellant's Brief at 39-40. Appellant specifically contends that the trial court failed to consider his rehabilitative needs, his minimal risk of recidivism, mitigating factors such as his lack of a prior criminal history and his reputation in the community, and otherwise fashion an individualized sentence.

"The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." ***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1265 (Pa. Super.

2014), ***appeal denied***, 104 A.3d 1 (Pa. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." ***Id.*** We conduct this four-part test to determine whether:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

***Commonwealth v. Baker***, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted), ***appeal denied***, 86 A.3d 231 (Pa. 2014). "A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." ***Commonwealth v. Dodge***, 77 A.3d 1263, 1268 (Pa. Super. 2013) (quotations and citations omitted), ***appeal denied***, 91 A.3d 161 (Pa. 2014).

Here, Appellant preserved his discretionary aspects of sentencing claim by raising it in a post-sentence motion. ***See*** Appellant's Motion for Reconsideration of Sentence, 9/18/15. Appellant also filed a timely notice of appeal and included in his appellate brief a concise statement of the reasons relied upon for the allowance of his appeal pursuant to Pennsylvania Rule of Appellate Procedure 2119(f). ***See*** Appellant's Brief at 39-40. Thus, we must determine whether Appellant's discretionary aspects of sentencing claim raises a substantial question for our review.

- 16 -

Appellant argues, *inter alia*, that his sentence is excessive and that the trial court failed to consider mitigating factors when it sentenced him. This Court has held "that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." **Commonwealth v. Raven**, 97 A.3d 1244, 1253 (Pa. Super. 2014) (citing **Commonwealth v. Perry**, 883 A.2d 599, 602 (Pa. Super. 2005)). Accordingly, we turn our attention to the merits of Appellant's sentencing claim.

Our standard of review for discretionary aspects of sentencing claims is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Id.* (quoting **Commonwealth v. Shugars**, 895 A.2d 1270, 1275 (Pa. Super. 2006)).

Section 9721(b) of the Sentencing Code sets forth general sentencing standards for trial courts and provides, in pertinent part:

> **(b) General standards.—**. . . the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. . . . In every case in which the court imposes a sentence for a felony or misdemeanor, modifies a sentence,

- 17 -

resentences an offender following revocation of probation, county intermediate punishment or State intermediate punishment or resentences following remand, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

42 Pa.C.S.A. § 9721(b).

Our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S.A. § 9781(c) and (d). Subsection 9781(c) provides:

The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S.A. § 9781(c). In reviewing the record, we must consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

- 18 -

(4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d).

We conclude that the trial court did not abuse its discretion in sentencing Appellant. Appellant concedes that he received a sentence in the standard guideline range. Appellant's Brief at 40. Additionally, the trial court had a presentence investigation report and acknowledged reviewing it. *Id.* at 19. "[W]here the sentencing court imposed a standard-range sentence with the benefit of a pre-sentence report, we will not consider the sentence excessive." *Commonwealth v. Corley*, 31 A.3d 293, 298 (Pa. Super. 2011). Additionally, "[i]n those circumstances, we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Id.* (quotations and citations omitted). Moreover, the sentencing transcript reflects that the trial court took into consideration the sentencing standards enunciated in Section 9721(b) and mitigating factors such as Appellant's positive reputation as a community volunteer and a volunteer firefighter. *See* N.T., 9/9/15, at 87-94. Therefore, there is no support for Appellant's claim that his sentence was excessive and that the trial court did not take into consideration certain mitigating factors in sentencing him. Accordingly, Appellant' discretionary aspects of sentencing claim does not entitle him to relief.

Finally, Appellant challenges the legality of several of his sentences.

Appellant first argues the trial court improperly sentenced him on eight different counts of conspiracy to commit various crimes—Counts 3, 10, 11, 12, 13, 14, 15, and 16 in the sentencing order. *See* Sentencing Order, 9/5/15. Appellant contends that he was only charged with and convicted by the jury of one count of conspiracy—Count 3 on the criminal information. *See* Information, 12/13/13. The Commonwealth concedes that Appellant's sentences for conspiracy at Counts 10 through 16 were improper and does not object to vacating those judgments of sentence and leaving in place only his sentence for conspiracy at Count 3. Commonwealth's Brief at 51-52; *see also Commonwealth v. Schilling*, 431 A.2d 1088, 1092 (Pa. Super. 1981) ("[I]t is well-settled law that a defendant can only be convicted of crimes with which he was charged in the indictment or information, or lesser-included offenses of those crimes.").

Therefore, we vacate Appellant's sentences for conspiracy at Counts 10 through 16 but do not disturb his sentence at Count 3. Because Appellant's sentence of 1 to 2 years of incarceration for conspiracy was for Count 12 and his sentence for conspiracy at Count 3 was ordered to be served concurrently with his sentence for attempted murder, vacating Appellant's judgment of sentence at Count 12 has reduced Appellant's aggregate sentence and disrupted the trial court's sentencing scheme.

Furthermore, Appellant argues that we must vacate his sentences for attempted theft and attempted receiving stolen property. Appellant asserts,

*inter alia*, that his convictions of attempted theft and attempted receiving stolen property merge with his conviction of robbery for purposes of sentencing. The Commonwealth agrees that these convictions merge with Appellant's conviction of robbery for sentencing purposes. Commonwealth's Brief at 52.

Thus, we vacate Appellant's judgments of sentence for attempted theft and attempted receiving stolen property. Because Appellant received a consecutive sentence of 2½ to 5 years of incarceration for his conviction of attempted theft, vacating his judgment of sentence for that charge has also reduced his aggregate sentence and disrupted the trial court's sentencing scheme. Vacating Appellant's sentence for attempted receiving stolen property does not affect his aggregate sentence because the trial court ordered it to be served concurrently with his sentence for attempted theft.

Additionally, Appellant argues that his conviction of PIC merged with his conviction of attempted murder for sentencing purposes because they are both inchoate crimes. In support of this claim, Appellant cites Section 906 of the Pennsylvania Crimes Code, which provides as follows: "A person may not be convicted of more than one of the inchoate crimes of criminal attempt, criminal solicitation or criminal conspiracy for conduct designed to commit or to culminate in the commission of the same crime." **See** 18 Pa.C.S.A. § 906. By the plain language of the statute, PIC is not included in Section 906. **See Commonwealth v. Lee**, 566 A.2d 1205, 1208 (Pa.

Super. 1989) (holding that Section 906, which prohibits multiple convictions of inchoate crimes, does not include PIC). Accordingly, Appellant's conviction of PIC did not merge with his conviction of attempted murder for sentencing purposes.

Lastly, Appellant argues that we should vacate his judgment of sentence for aggravated assault because that conviction merged with his conviction of attempted murder for sentencing purposes. Once again, the Commonwealth concedes that this Court should vacate Appellant's judgement of sentence for aggravated assault. *See Commonwealth v. Anderson*, 650 A.2d 20, 24 (Pa. 1994) (holding that the crimes of aggravated assault and attempted murder merge for purposes of sentencing). Because the trial court ordered Appellant's aggravated assault conviction to be served concurrently with his attempted murder conviction, vacating his judgment of sentence for aggravated assault does not disrupt the trial court's sentencing scheme.

In sum, we vacate Appellant's sentences for conspiracy (Counts 10 through 16), attempted theft, attempted receiving stolen property, and aggravated assault, and remand for resentencing because vacating Appellant's sentences for conspiracy at Count 12 and attempted theft reduces his aggregate sentence and consequently, disrupts the trial court's sentencing scheme. *Commonwealth v. McCamey*, 154 A.3d 352, 359 (Pa. Super. 2017) (resentencing is required where an order from the Superior

Court disrupts the sentencing scheme).  To clarify, upon remand, the court shall sentence Appellant for the following convictions:

Count 1 – Criminal Attempt (Murder) – 18 Pa.C.S.A. §§ 901(a), 2502

Count 4 – PIC – 18 Pa.C.S.A. § 907(a)

Count 6 – REAP – 18 Pa.C.S.A. § 2705

Convictions affirmed.  Judgment of sentence vacated.  As our disposition addresses the issues raised in the Commonwealth's February 26, 2018 Petition for Leave to File Substituted Brief filed, the Petition is denied as moot.  Case remanded for resentencing consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/22/18