J-S26016-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JANIS O'CONNOR | : | |
| | : | |
| Appellant | : | No. 1266 MDA 2020 |

Appeal from the Judgment of Sentence Entered August 28, 2020
In the Court of Common Pleas of Adams County
Criminal Division at No. CP-01-CR-0001515-2019

BEFORE:  STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:                    **FILED SEPTEMBER 10, 2021**

Janis O'Connor (Appellant) appeals *pro se* from the judgment of sentence ordering her to pay a $100.00 fine plus costs of prosecution, which the trial court imposed after it convicted her of summary defiant trespass.[1] We affirm.

The Commonwealth charged Appellant with defiant trespass by criminal information filed January 23, 2020.  Appellant filed a *pro se* Demand for Discovery on January 29, 2020.  Thereafter,

> [o]n August 11, 2020, a hearing was held on Appellant's Motion to Compel Discovery.  Appellant alleged that she was entitled to discovery in accordance with ***Brady v. Maryland***, 373 U.S. 83 (1963) and ***Giglio v. United States***, 405 U.S. 150 (1972), and that such discovery was not provided by the Commonwealth.  At the August 11, 2020 hearing, the Commonwealth advised the [c]ourt that they had four (4) disks that supposedly contained

---

[1] 18 Pa.C.S.A. § 3503(b)(1)(i).

videos and/or photographs concerning the alleged incident. This [c]ourt ordered the Commonwealth to provide Appellant with copies of the four (4) disks and two (2) supplemental police reports dated July 16, 2020 and July 30, 2020. Appellant did not request any additional **Brady** material during the August 11, 2020 hearing.

Trial Court Opinion, 12/4/20, at 2.

The summary trial was held on August 27-28, 2020. The court recounted the evidence presented at trial as follows:

Lori Snyder and Elmer Snyder testified that they live at 962 Centennial Road, New Oxford, Adams County, Pennsylvania. On July 15, 2018, the Snyders sent a trespass notification letter to the Appellant concerning their property at 962 Centennial Road in New Oxford, Pennsylvania. Evidence was produced that Appellant received a notice of trespass letter concerning the Snyder's property at 962 Centennial Road, New Oxford, Pennsylvania prior to October 2, 2019.

On October 2, 2019, the Snyders returned to their residence after 9:00 p.m. and observed Appellant on the Snyder's property in their field road near their pasture. The Snyders observed Appellant walking fast with a cane as the Snyders entered their property. They observed Appellant travel through their hay field and enter a neighbor's property where she travelled to an adjacent road, Cedar Ridge Road. Mrs. Snyder took several photographs and a videotape of Appellant after she had exited the Snyder's property. They confronted Appellant, advised her she was trespassing, and asked why she was there. Appellant responded she had a right to see her horses. The Snyders observed Appellant enter her vehicle, which was located on Cedar Ridge Road, and attempt to leave the area. The Snyders were able to videotape Appellant in her vehicle. Appellant's vehicle was parked off of Cedar Ridge road and was not visible from the Snyder's property.

After Appellant left the area, the Snyders returned to their residence and discovered the motion lights on the porch were on and an envelope was placed inside the screened porch. The envelope had a return address of Appellant's residence and inside the envelope was a notice of appeal with Appellant's name on the signature line. This document concerned the civil lawsuit which Appellant had filed against the Snyders. The Snyders called the

police and Trooper Black with the Pennsylvania State Police responded to the Snyder's residence and investigated this matter.

Appellant testified that on October 2, 2019, she drove to the Snyder's residence on Centennial Road to look for the horses. When she arrived, it was still daylight; Appellant drove in the vicinity of the Snyder's residence for a while and observed a cat sitting in the window of the Snyder's residence. Appellant was concerned this was her cat, she drove down the street, parked on Cedar Ridge Road, and walked back to the Snyder's residence. Appellant looked in the corner window and the cat was gone. Appellant denied ever entering the Snyder property. Appellant did present evidence that she received the notice of trespass letter prior to October 2, 2019.

Trial Court Opinion, 12/4/20, at 3-5.

The trial court entered its verdict and Appellant' sentence on August 28, 2020. Appellant then filed a motion for a new trial, which the court denied. Appellant timely appealed. On September 30, 2020, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors within 21 days. Appellant filed her statement late, without requesting an extension of time, on November 5, 2020. The trial court nonetheless issued an opinion addressing Appellant's claims of error.

On appeal, Appellant presents three questions for review:

1. Did the trial court err in refusing to sanction the Commonwealth for suppressing and spoliating favorable, material, exculpatory and/or impeachment evidence under **Brady v Maryland**, and progeny, including a video recording, officer's notes, and complainants' signed statement, which suppression violated [A]ppellant's right to due process: where one could reasonably infer the intentional nature of such suppression by the prosecution and where [Appellant] was surprised at trial with a third version of the alleged trespass after having complained pretrial about the changing allegations[?]

- 3 -

2.    Did the trial court violate [A]ppellant's Constitutional Rights under the Fifth, Sixth and Fourteenth Amendments to present a meaningful defense in refusing to refusing [*sic*] to hear argument attempted by [Appellant], *pro se*, (either on or off the record), immediately finding [A]ppellant guilty of the charge of summary defiant trespass[?]

3.    Was the evidence sufficient to convict [A]ppellant in this matter where the prosecution's factual allegations changed several times; where the tangible evidence was demonstrably fabricated, altered or destroyed; the suppression and alteration of which instead urged reasonable, <u>adverse</u> inferences amounting to reasonable doubt; and where, the notice of stay away was frivolous and not based on any prior trespass; and where at trial the judge shifted the burden of proof to [Appellant], stating in finding [Appellant] guilty that he found the complainants credible and [Appellant] not credible (see also, Order dated August 28, 2020), which finding was not based on a considered evaluation of the contradictory testimony and other reasonable inferences but on an apparent prejudgment of the case[?]

Appellant's Brief at 3-4 (underline in original).

Preliminarily, we emphasize that although we may liberally construe *pro se* filings, "*pro se* status confers no special benefit upon a litigant, and a court cannot be expected to become a litigant's counsel." ***Commonwealth v. Blakeney***, 108 A.3d 739, 766 (Pa. 2014).

Upon review, Appellant's *pro se* filings suggest waiver. For example, we could arguably find waiver based on Appellant's late *pro se* filing of her Rule 1925(b) statement.[2]

---

[2] We recognize when "a Rule 1925(b) statement is filed late by a **represented** criminal defendant, such constitutes *per se* ineffectiveness so that the proper remedy is to remand for the filing of such a statement *nunc pro tunc*." ***Commonwealth v. Grohowski***, 980 A.2d 113, 114 (Pa. Super. 2009) (emphasis added, citation omitted); ***see also*** Pa.R.A.P. 1925(c)(3).

The Pennsylvania Supreme Court has found waiver where an appellant filed his Rule 1925(b) statement approximately one month late, stating that the Court was re-affirming "the bright-line rule first set forth in [*Commonwealth v.*] *Lord* [719 A.2d 306 (Pa. 1998)], that 'in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P.1925.'" *Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005). However, this Court has subsequently held "if there is an untimely filing, this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal." *Commonwealth v. Burton*, 973 A.2d 428, 433 (Pa. Super. 2009).

Here, Appellant filed her Rule 1925(b) statement approximately two weeks late. *See* Order of Court, 9/30/20. In addition to being untimely, the statement is a 6-page narrative that is neither concise nor compliant with Pa.R.A.P. 1925(b)(4). *See Kanter v. Epstein*, 866 A.2d 394, 401 (Pa. Super. 2004) (finding waiver where prolix Rule 1925(b) statement contained numerous issues which "circumvented the meaning and purpose of Rule 1925(b)" and "effectively precluded appellate review").

Most significantly, Appellant's brief, also filed late, contains deficiencies which impede meaningful review. We have explained:

> The Rules of Appellate Procedure state unequivocally that **each question an appellant raises is to be supported by**

> **discussion and analysis of <u>pertinent authority</u>**.  Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived. Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention. This Court will not act as counsel and will not develop arguments on behalf of an appellant.  Moreover, we observe that the Commonwealth Court, our sister appellate court, has aptly noted that mere issue spotting without analysis or legal citation to support an assertion precludes our appellate review of a matter.

***Coulter v. Ramsden***, 94 A.3d 1080, 1088-89 (Pa. Super. 2014) (bold and underline emphasis added).

Appellant's arguments are underdeveloped and lack meaningful legal analysis.  Appellant makes factual assertions favorable to her claims, but does not cite the record.  While Appellant cites some case law (mainly to non-authoritative cases outside our jurisdiction), she fails to explain how the cases support her arguments, in which she essentially attempts to retry her case.

The above notwithstanding, we recognize that the Honorable Shawn C. Wagner, sitting as the trial court, has exercised forbearance[3] and authored an opinion explaining factually and legally that: (1) the Commonwealth properly provided Appellant with requested discovery, and Appellant did not request any additional ***Brady*** material beyond what the Commonwealth provided; (2) the trial court properly permitted Appellant to make a closing statement but

---

[3] The trial court stated it "allowed Appellant to present evidence and testimony to support [her] defense which pushed the boundaries of relevance and hearsay as set forth in the Rules of Evidence."  Trial Court Opinion, 12/4/20, at 11.

stopped her when the statement went beyond the scope of trial; and (3) the evidence was sufficient to sustain Appellant's summary defiant trespass conviction. *See* Trial Court Opinion, 12/4/20, at 6-7; 8-9; 10-11; *see also Commonwealth v. Wanner*, 158 A.3d 714, 718 (Pa. Super. 2017) ("to establish [defiant trespass] it is necessary to prove the defendant: 1) entered or remained upon property without a right to do so; 2) while knowing [s]he had no license or privilege to be on the property; and 3) after receiving direct or indirect notice against trespass.") (citing 18 Pa.C.S.A. § 3503(b)(1)(i) and *Commonwealth v. Namack*, 444 663 A.2d 191, 194 (Pa. Super. 1995)).

Our review of the record comports with Judge Wagner's opinion. Accordingly, Appellant's claims, in the absence of waiver, do not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/10/2021