## Commonwealth *v.* Rush, Appellant.

*Criminal law— Murder—Confession—Evidence—Typewriting—Stenographer's notes—Contradictory statements in confession.*

1. Where a person charged with murder makes a confession which is taken down by a stenographer and the notes are written out within forty-eight hours thereafter, and are verified by the stenographer, and the prisoner admits making the statement, which was of great length, he cannot at the trial object to its admission in evidence because it had not been read over to him, and because he had not signed it.

2. If after a whole confession is given in evidence, the prosecutor can contradict any part of it, he is at liberty to do so, and then the whole testimony is left to the jury for their consideration.

3. All parts of a confession are not entitled to equal credit. The jury may believe that part which charges the prisoner, and reject that part which is in his favor, if they see sufficient grounds for so doing.

4. Where a confession and other testimony in the case show facts establishing a murder of the first degree, the jury may return a verdict of murder of the first degree, although the prisoner in his confession stated that the killing was the result of a sudden "impulse" which came over him so often.

Argued April 9, 1923. Appeal, No. 35, Oct. T., 1923, by defendant, from judgment of O. & T. Allegheny Co., April T., 1922, No. 37, on verdict of murder of the first degree, in case of Commonwealth v. John P. Rush, Jr., alias Ralph Lopez. Before FRAZER, WALLING, SIMPSON, KEPHART and SADLER, JJ. Affirmed.

Indictment for murder. Before CARNAHAN, J.

The opinion of the Supreme Court states the facts.

Verdict of murder of the first degree upon which sentence was passed. Defendant appealed.

*Errors assigned* were (1) sentence, (2) refusal of defendant's first point and (3) admission of confession, quoting the record, with the exception of the confession.

*F. P. Patterson,* of *Patterson & Callahan,* for appellant.—Murder is presumed to be of the second degree until elements of first degree are established: Com. v. Greene, 227 Pa. 86; Com. v. Chapler, 228 Pa. 630; Com. v. Reed, 234 Pa. 573; Com. v. Aiello, 180 Pa. 597.

The court should not have admitted in evidence the written confession.

*Samuel H. Gardner,* District Attorney, for appellee, cited: Greenleaf, Ev., 6th ed., pl. 218, p. 280.

OPINION BY MR. JUSTICE SADLER, May 7, 1923:

Rush was convicted of the murder of Coghill, a policeman, the jury rendering a verdict of the first degree, and, from the sentence imposed, this appeal was taken. It appeared that the appellant, with another, had been observed in Dormont during the night of December 24, 1921, acting in a suspicious manner, which fact was reported to the borough officials. The defendant and his associate were arrested between three and four o'clock in the morning, and placed on the rear seat of a vehicle used as a patrol wagon, for removal to the police station. The deceased was in charge of the car at the wheel in front, and Schwartz, his companion, stood on the running board. As it started forward, three shots were fired, two of which entered the head of the driver, causing his death, and one grazed the scalp of the other officer. Appellant was taken into custody, and subsequently discharged. Further investigation of the killing followed the arrest of defendant in Pittsburgh on another charge, and the prisoner was then identified by Schwartz as the one who did the shooting. He confessed to the murder, describing the occurrence with great detail, though at the subsequent trial he repudiated the statements made.

The correctness of the rulings of the learned court below, in admitting the prisoner's narrative in evidence in the form offered, and its answer to a point, based on a fact asserted therein, are challenged here. No charge is made of misconduct by the officials in securing the confession, nor any suggestion that it was other than voluntary. The defendant admitted making it as presented, but denied the truth of the facts set forth, insisting the story was without foundation, made when mentally impaired by drink, and built entirely on newspaper accounts of the tragedy which he had read. He offered evidence to show he was distant from the scene of killing when it took place.

The questions propounded to Rush by the detectives and his answers were taken down by a stenographer of long experience, employed in the district attorney's office. Within forty-eight hours, these were transcribed, and a typewritten copy, covering more than fifteen pages of the record before us, was produced at the trial. Testimony to establish its accuracy was given, and the original notes were put in evidence. Objection to the receipt of the statement was made on the ground the paper was inadmissible without preliminary proof that it had first been submitted to the defendant for approval by reading to him, or having his signature affixed, and no other reason for its rejection was assigned.

The complaint is not tenable. If no notes had been taken, clearly witnesses could have testified as to any self-harming admissions voluntarily made, and they would be permitted to give the substance of the conversation overheard: Keim v. Reading, 32 Pa. Superior Ct, 613; Com. v. Brown, 66 Pa. Superior Ct. 519. A transcript of the statements, prepared within a reasonable time, could be used to refresh the recollection of the one called: Com. v. Disalvo, 275 Pa. 70; Christian M. Brewing Co. v. Rusch, 272 Pa. 181; Com. v. House, 6 Pa. Superior Ct. 92. In this case, the confession was of such length that one could not have remembered all of the details appearing. There is no good reason why the copy itself should not be offered, in connection with the original record and the oral evidence of the stenographer, who, in this case, read to the jury from his notes, and it was proper to permit him to do so (Com. v. Levi, 44 Pa. Superior Ct. 253; see also, Brown v. Com., 73 Pa. 321), though not an appointed court officer: Com. v. Ryhal, 274 Pa. 401. Where, as here, defendant admits making the statement, proof of its contents could be offered, though the stenographer was not called: Com. v. Insano, 268 Pa. 1.

It is further insisted that, even if the testimony was admissible, every fact set forth in the confession must be

considered as true. The defendant asked the court, in the first point submitted, to charge that the Commonwealth was bound by all of the declarations appearing in the narrative which it introduced in evidence, and, therefore, the fact that the killing was the result of a sudden "impulse which comes over [him] so often," as said by defendant in the statement, must be treated as established. If this were so, it is argued, the necessary proof of any premeditated intent to kill was negatived, and no verdict higher than second degree was justified. Of course, in the absence of evidence, direct or circumstantial, from which an intention to kill could be inferred, other than appeared in the confession, such a ruling might have been made, but the jury was amply justified, under the testimony here submitted, in finding a fully formed purpose to commit the crime for which a conviction has been had. "If, after the whole statement of the prisoner is given in evidence, the prosecutor can contradict any part of it, he is at liberty to do so, and then the whole testimony is left to the jury for their consideration precisely as in other cases where one part of the evidence is contradictory to another, for it is not to be supposed that all parts of a confession are entitled to equal credit. The jury may believe that part which charges the prisoner and reject that part which is in his favor, if they see sufficient grounds for so doing. If what he said in his own favor is not contradicted by evidence offered by the prosecutor, nor improbable in itself, it will naturally be believed by the jury, but they are not bound to give weight to it on that account, but are at liberty to judge of it like other evidence, by all the circumstances of the case": Greenleaf on Evidence, 6th ed., p. 280; 16 C. J. 628; cf. McAvoy v. Com. T. I. & T. Co., 27 Pa. Superior Ct. 271.

What has been said disposes of the errors assigned, except the first, which complains of the sentence. As is our duty, the record has been examined to determine whether the evidence warrants the verdict rendered, and

we are convinced the result reached was justified. The testimony to prove an alibi was not accepted as verity by the jury, nor did it believe that, by reason of defendant's intoxication, he was unable to form a deliberate intention to kill. His defenses were fairly submitted, but did not raise a reasonable doubt of his guilt as charged. The Commonwealth proved the facts necessary for conviction of murder of the first degree, and the sentence must be sustained.

The judgment is affirmed, and the record is remitted for the purpose of execution.