## Commonwealth *v.* Lefever, Appellant.

Argued December 7, 1942.

Before KELLER, P. J., BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Charles W. Eaby, Jr.,* for appellant.

*John Milton Ranck,* Assistant District Attorney, with him *K. L. Shirk,* District Attorney, for appellee.

OPINION BY KENWORTHEY, J., January 28, 1943:

Section 941 of the Penal Code, Act of 1939, P. L. 872, 18 PS 4941, provides: "Whoever wilfully and maliciously kills, ...... any domestic animal of another, ...... is guilty of a misdemeanor ......" It provides a severe penalty—a fine not to exceed $1000 or imprisonment at labor not exceeding three years, or both.

Section 22 of the Dog Law, Act of May 11, 1921, P. L. 522, as amended by section 10 of the Act of May 6, 1927, P. L. 833, 3 PS 481, provides: "Any unlicensed dog that enters any field, or any dog that enters any field or enclosure where livestock or poultry are confined, shall constitute a private nuisance, and the owner or tenant of such field, or their agent or servant, may kill such dog, while it is in the field or enclosure, without liability or responsibility of any nature for such killing." Section 34 of the Dog Law of 1921, 3 PS 493, imposes the burden of proving the fact that a dog has been licensed upon the owner of the dog and that "any dog not bearing a license tag shall prima facie be deemed to be unlicensed."

Appellant was convicted of killing a dog in violation of the above-quoted provision of the Penal Code. The question is whether the Commonwealth offered sufficient evidence to sustain the conviction.

Appellant shot the dog as it was running across the field of a farm which he occupied as a tenant. It was not pursuing, worrying or wounding any livestock or

poultry, but some of appellant's ducks were in the field and other livestock had been in the field earlier in the day. The Commonwealth offered evidence that the field was not enclosed. It is admitted that although the dog was in fact licensed, it was without its collar and was not bearing a license tag. We think it must be taken to be admitted appellant thought the dog was unlicensed. The Commonwealth offered as part of its case appellant's written statement, in which appellant said he could see the dog was not bearing a license.[1] His testimony was to the same effect. And in his History of the Case the statement, "The defendant noticed that the dog was not wearing a collar," was not challenged. See our rule 47.

There is no merit in the Commonwealth's contention that the Penal Code partially repeals section 22 of the Dog Law of 1921. Section 941 of the Penal Code, under which appellant was convicted, has been on the statute books substantially in present form since the Code of 1860, Act of March 31, 1860, P. L. 382, § 154. Likewise, the present provision of section 22 of the Dog Law has been on the books substantially in present form since the Dog Law of 1917, Act of July 11, 1917, P. L. 818, § 41. The Penal Code does not expressly repeal any part of the Dog Law of 1921; in our opinion the acts must be construed together. See *Oriole's Liquor License Case,* 146 Pa. Superior Ct. 464, 22 A. (2d) 611; *Com. v. Brown & Rubin,* 346 Pa. 192, 29 A. (2d) 793.

The effect of section 22 of the Dog Law is to remove by legislative enactment the element of malice from the killing in a field of an unlicensed dog. And if the killing of an unlicensed dog is without malice, then the killing of a dog which the killer reasonably believes to be unlicensed is equally without malice. "As a general

---

[1] We do not intend to imply that the Commonwealth is always bound by exculpatory statements in a confession which it introduces. *Com. v. Rush,* 277 Pa. 419, 121 A. 111.

rule, a bona fide and reasonable belief in the existence of facts which, if they did exist, would render an act innocent, is a good defence." Clark and Marshall, Crimes (4th ed.) §55, p. 83. And see *Com. v. Unkrich,* 142 Pa. Superior Ct. 591, 597, 16 A. (2d) 737; *Com. v. Schambers,* 105 Pa. Superior Ct. 467, 471, 472, 161 A. 624.

Appellant's point for binding instructions should have been affirmed and the judgment is reversed and appellant discharged.