J-A08008-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEREMEY DANIEL SICKENBERGER | : | |
| | : | |
| Appellant | : | No. 724 WDA 2022 |

Appeal from the PCRA Order Entered May 24, 2022
In the Court of Common Pleas of Butler County
Criminal Division at No:  CP-10-CR-0000805-2014

BEFORE:   STABILE, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.:               **FILED: June 16, 2023**

Appellant, Jeremey Sickenberger, appeals from the May 24, 2022 order entered in the Court of Common Pleas of Butler County, denying his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Appellant contends the PCRA court erred in denying his PCRA claims that were based on trial counsel's failure to (1) request a mistake of fact jury instruction and (2) investigate whether Appellant suffered from Autism Spectrum Disorder.  Following review, while we find no error in the PCRA court's ruling regarding Appellant's autism spectrum claims, we reverse its ruling regarding the mistake of fact

_____

[*] Retired Senior Judge assigned to the Superior Court.

instruction, vacate Appellant's judgment of sentence, and remand for a new trial.

Following a jury trial in 2016, Appellant was convicted of third-degree murder in the shooting death of his best friend, Thomas John Stockman ("Stockman"), and was sentenced to 18 to 40 years in prison. On direct appeal, this Court affirmed his judgment of sentence. *Commonwealth v. Sickenberger*, No. 871 WDA 2017 (unpublished memorandum) (Pa. Super. filed January 23, 2019). Appellant did not file a petition for allowance of appeal with our Supreme Court.

On February 21, 2020, Appellant filed a timely PCRA petition. On July 10, 2020, he filed an amended petition. On September 29, 2020, the PCRA court granted Appellant's motion to appoint a forensic psychologist expert witness. After a number of continuances, a PCRA hearing was conducted on January 25 and February 4, 2022. Because the trial judge, the Honorable William Shaffer, had retired, the Honorable Kelley T.D. Streib was appointed to preside over the proceedings.

On May 24, 2022, the PCRA court denied Appellant's petition. This timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents three issues for our consideration:

I.    Did the [PCRA] court err in denying Appellant's PCRA claim that trial counsel was ineffective because trial counsel failed to request a mistake of fact jury instruction based on Appellant's belief that the firearm was unloaded?

- 2 -

II. Did the [PCRA] court err in denying Appellant's PCRA claim that trial counsel was ineffective because trial counsel failed to adequately investigate whether Appellant suffered from Autism Spectrum Disorder, when such evidence could have been used at trial to rebut the Commonwealth's claim of malice required for third degree murder?

III. Did the [PCRA] court err in denying Appellant's PCRA claim that trial counsel was ineffective because trial counsel failed to present evidence at trial that Appellant suffered from Autism Spectrum Disorder, when such evidence could have been used at trial to rebut the Commonwealth's claim of malice required for third degree murder?

Appellant's Brief at 4 (some capitalization omitted).

As this Court has explained:

When reviewing the propriety of an order pertaining to PCRA relief, we consider the record in the light most favorable to the prevailing party at the PCRA level. This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. However, we afford no such deference to the post-conviction court's legal conclusions. We thus apply a *de novo* standard of review to the PCRA [c]ourt's legal conclusions.

***Commonwealth v. Diaz***, 183 A.3d 417, 421 (Pa. Super. 2018).

In each of his three issues, Appellant contends trial counsel was

ineffective.

[T]o prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. If a petitioner fails to prove any of these prongs, his claim fails.

- 3 -

*Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (internal citations and quotations omitted). *See also Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987).

In his first issue, Appellant argues that trial counsel was ineffective for failing to request a mistake of fact jury instruction based on Appellant's belief that the firearm was unloaded. Although Appellant did not testify at trial, Commonwealth witness, Ashley Homison, who was present at the time of the shooting, testified that Appellant brought a gun into the living room of his home where a group of friends was goofing around while watching the Vietnam War scenes in the movie *Forrest Gump*. She stated that Appellant said that it was a BB gun and that it was not loaded. Notes of Testimony ("N.T."), Trial, 9/19/16, at 43, 47, 51. She also said she believed that Stockman's death was an accident. *Id.* at 59.[1] Further, Trooper Michael J. Taylor, an investigator with the Pennsylvania State Police, testified that Appellant said he thought the gun was unloaded. *Id.* at 105. Moreover, although Appellant's account of the incident was inconsistent during the course of four police interviews, Trooper Taylor acknowledged that Appellant's account was consistent in that Appellant maintained in each interview his belief that the gun was not loaded. *Id.* at 109. And, finally, Trooper Chris Birckbichler, another Pennsylvania State Police

---

[1] Ashley Homison was the only eyewitness to the shooting. Another friend was in the house but was in the bathroom at the time of the shooting. Appellant's father was also in the home but was not in the room where the incident occurred.

- 4 -

investigator, stated that Appellant told him that he believed the gun was not loaded. *Id.* at 185, 195.

In *Commonwealth v. Hamilton*, 766 A.2d 874 (Pa. Super. 2001), this Court reiterated that

> [i]t is well established that a bona fide, reasonable mistake of fact, may, under certain circumstances, negate the element of criminal intent. 18 Pa.C.S.A. § 304 (providing, inter alia, that ignorance or mistake as to a matter of fact, for which there is a reasonable explanation or excuse, is a defense if "the ignorance or mistake negatives the intent, knowledge, recklessness, or negligence required to establish a material element of the offense"); *Commonwealth v. Compel*, 236 Pa. Super. 404, 344 A.2d 701 (1975)[.] "It is not necessary that the facts be as the actor believed them to be; it is only necessary that he have 'a bona fide and reasonable belief in the existence of facts which, if they did exist, would render an act innocent.' *Commonwealth v. Le[F]ever*, 151 Pa. Super. 351, 30 A.2d 364, 365 (1943). *See generally, Morissette v. United States*, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952)." *Commonwealth v. Compel, supra*, at 702-03. When evidence of a mistake of fact is introduced, the Commonwealth retains the burden of proving the necessary criminal intent beyond a reasonable doubt. In other words, the Commonwealth must prove either the absence of a bona fide, reasonable mistake, or that the mistake alleged would not have negated the intent necessary to prove the crime charged.

*Id.* at 878-79 (quoting *Commonwealth v. Namack*, 663 A.2d 191, 194-95 (Pa. Super. 1995) (footnote and some citations omitted)).

Here, the PCRA court recognized, consistent with *Spotz*, that the failure to prove any prong of the ineffectiveness test defeats the claim. In this instance, the court determined that Appellant failed to show that he suffered actual prejudice, *i.e.*, "that but for the [counsel's failure to request the mistake of fact instruction], the outcome of the proceedings would have been

- 5 -

different." PCRA Court Amended Rule 1925(a) Opinion, 9/14/22, at 6 (quoting

***Commonwealth v. Lesko***, 15 A.3d 345 (Pa. Super. 2011)). "The instant

trial record supports a finding that the outcome would not have been

different." ***Id.*** at 7. In a footnote, the court noted, "[f]or clarity," that

because Judge Shaffer had retired at the beginning of 2022, the case,

including the hearings on Appellant's petition, was assigned to Judge Streib.

***Id.*** at 7 n.2.

In its amended Rule 1925(a) opinion, the PCRA court quoted from the

trial court's July 12, 2017 Rule 1925(a) opinion issued on direct appeal. There,

the trial court addressed issues raised in Appellant's Rule 1925(b) statement,

including a claim of trial counsel ineffectiveness for failing to request a mistake

of fact jury instruction. While recognizing that Appellant's ineffectiveness

claims did not warrant consideration on direct appeal,[2] the trial court

nevertheless offered the following assessment:

> Based on the record, the claim relating to the mistake of fact
> instruction does not appear to be meritorious given the testimony
> at trial of [the gun owner, Paul] Pfaff, and the exercise by
> [Appellant] of his right not to testify at trial. To the extent that
> the claim would be considered by the court at this time, the claim
> would be denied.

Trial Court Opinion, 7/12/17, at 5 (some capitalization omitted).

---

[2] Appellant had invoked an exception recognized in ***Commonwealth v. Holmes***, 79 A.3d 562 (Pa. 2013), to the general rule adopted in ***Commonwealth v. Grant***, 813 A.2d 726 (Pa. 2002), holding that ineffectiveness claims should be deferred until collateral review.

In accordance with **Grant**, the ineffectiveness claim relating to the mistake of fact jury instruction was not before the trial court. Therefore, the trial court's assessment is nothing more than that: an assessment. It is clearly *dicta*. Consequently, we dismiss the PCRA court's statement that it would "not be tempted to second-guess the explicit explanation by the trial court that viewed the mistake of fact jury instruction to not be meritorious at the time of trial." PCRA Court Amended Rule 1925(a) Opinion, 9/14/22, at 7.

We similarly dismiss the PCRA court's suggestion that by affirming Appellant's judgment of sentence on direct appeal, this Court somehow disposed of Appellant's ineffectiveness claim. Specifically, the PCRA court stated:

> [Appellant] raised in the statement of errors complained of on appeal filed following sentencing [that] the trial court erred by failing to give the mistake of fact jury instruction. The Superior Court affirmed the conviction and sentence. While not specifically addressing the mistake of fact jury instruction, if the argument had merit then, the Superior Court would have addressed the issue and either still affirmed the conviction and sentence or reversed and remanded it with further instructions.

**Id.** at 7-8 (some capitalization omitted).

The PCRA court fails to appreciate that the mistake of fact jury instruction issue was not before this Court on direct appeal. Appellant did not claim trial court error for failure to give the instruction, nor could he in light of the fact that trial counsel did not request the instruction. Although Appellant raised the failure to give the instruction in his Rule 1925(b) statement on direct appeal, it was only in the context of trial counsel's

ineffectiveness.[3] Appellant's claim of ineffectiveness was properly deferred to collateral review. **See Grant**.

The PCRA court also cited the May 16, 2017 opinion issued by the trial court in support of its denial of post-sentence motions. **Id.** at 7. Specifically, the PCRA court referred to matters that the trial court included in its analysis of Appellant's post-sentence claims relating to sufficiency and weight of the evidence. To the extent the evidence is supported by the record, we do not dispute the evidence as summarized in the trial court's opinion and incorporated in the PCRA court's opinion. However, we recognize that the evidence was being viewed by the trial court in the context of Appellant's sufficiency and weight claims and, therefore, was being viewed in the light most favorable to the Commonwealth as verdict winner. As a result, in view of inconsistencies in the testimony of Paul Pfaff, **see** n. 3, **infra**, and the trial court's seeming dismissal of testimony regarding Appellant's beliefs about the gun being unloaded, the trial court's May 16, 2017 factual summary is not particularly instructive for our purposes.

For purposes of the ineffectiveness claims before this Court, we should not view this matter in terms of whether the evidence was sufficient to support a verdict that was rendered without a mistake of fact instruction. Rather, we must view this matter in terms of whether the PCRA court erred in concluding

_____

[3] We note that Appellant abandoned the mistake of fact jury instruction claim in the brief filed with this Court on direct appeal.

that Appellant did not suffer prejudice as a result of counsel's failure to request a mistake of fact instruction. In that regard, we conclude that the instruction would have put squarely at issue whether Appellant's mistake regarding the gun being loaded negated the intent required to establish malice, an element of the crime of third-degree murder. As indicated in the standard jury instruction,

> 3. In a case where the mistake of fact or ignorance is raised, [the jury] must decide whether there was such a mistake or lack of awareness of a fact, whether that mistake or ignorance was reasonable under circumstances, and whether that mistake or ignorance shows that one of the elements of the crime charges was not proved beyond a reasonable doubt.

8.304 IGNORANCE OR MISTAKE, Pa. SSJI (Crim), §8.304 (May 2016).

In the context of this case, that jury determination is important because:

> 4. To overcome this defense, the prosecution must prove, beyond a reasonable doubt, one of the following: (1) that the defendant did not have that mistaken belief [or that the defendant was not ignorant of the fact], (2) that the mistaken belief [or the ignorance of the fact] was not reasonable, or (3) that the mistake [or ignorance of a fact] did not prevent or eliminate the required element of [malice].

*Id.*

In summary, while it is undisputed that Commonwealth witness Paul Pfaff testified that he told Appellant the gun was loaded[4] and it is further

_____

[4] Pfaff explained that he left three guns at Appellant's home a few days before the shooting because he and Appellant, along with two other friends, were

- 9 -

undisputed that Appellant did not testify on his own behalf, it is equally undisputed from a review of the trial testimony that Ashley Homison stated three times during her testimony that Appellant said the gun was not loaded, including twice before the shooting. N.T., Trial, 9/19/16, at 43, 47, 51. In addition, Trooper Taylor testified that Appellant was consistent in his four interviews in maintaining he believed that gun was not loaded, *id.* at 109, and Trooper Birckbichler testified that Appellant told him he thought the gun was not loaded. *Id.* at 185, 195. Therefore, even though Appellant did not testify, Ashley Homison and Troopers Taylor and Birckbichler, all of whom were Commonwealth witnesses, did offer testimony and their observations regarding Appellant's mental state and his stated belief that the gun was not loaded. In light of that testimony, counsel should have requested a mistake of fact instruction, which, if granted, would have required the Commonwealth to prove that one of the three scenarios set forth in Paragraph 4 of the instruction as set forth above. We conclude that if the trial court had delivered the mistake of fact instruction, there is a reasonable probability that the

---

going to a bar in Ohio and he did not want to risk being stopped with guns in the car. Pfaff helped Appellant carry the guns and ammunition into Appellant's bedroom and placed them on Appellant's bed. He stated that, based on his review of his statement to police, he told Appellant the .22 rifle involved in Stockman's death was loaded, but the other guns were not. N.T., Trial, 9/20/16, at 54-59. However, while he acknowledged that a police statement reflected that he was 90% sure the rifle was not loaded, he explained that there was no round in the chamber and that "unloaded means not one in the chamber." *Id.* at 67-68. He was 100% sure he told Appellant the magazine was loaded but there was not a round in the chamber. *Id.* at 70.

outcome of the proceedings would have been different. Specifically, there is a reasonable probability that, considering Appellant's mistaken belief that the gun was not loaded, the jury would have concluded that Appellant acted without malice and, therefore, would have convicted Appellant of involuntary manslaughter rather than third-degree murder. For that reason, we find that the PCRA court erred in concluding that Appellant was not prejudiced by counsel's failure to request the mistake of fact instruction.[5]

While we find that the PCRA court erred with respect to the mistake of fact jury instruction, we find no error in its rejection of Appellant's second and third claims, both of which involve Autism Spectrum Disorder ("ASD"). Again,

---

[5] As recognized in *Spotz*, prejudice is just one of the three prongs that must be established for an ineffectiveness claim. We find that the remaining two elements are satisfied here. Based on testimony from Ashley Homison, Trooper Taylor, and Trooper Birckbichler, and inconsistent testimony from gun owner, Paul Pfaff, *see* n.3, there were grounds to support a request for a mistake of fact instruction. Because a mistake of fact instruction could have resulted in the jury finding Appellant not guilty of third-degree murder, Appellant's claim is of arguable merit. Further, it is clear that the failure to request the instruction was not part of counsel's trial strategy, as evidenced by his statement, "Well, with the benefit of hindsight, that probably should have been asked for." N.T., PCRA Hearing, 1/25/22, at 146. Counsel could not recall reading the subcommittee note that accompanies the instruction and said he did not think he reviewed *Hamilton, supra*, which is cited in that subcommittee note, before preparing for Appellant's trial. *Id.* at 144-45. Appellant suggests that "[i]t was not *hindsight* that illuminated that issue for trial counsel. It was an education on the basic law related to the mistake of fact jury instruction as it relates to whether a defendant knew the firearm was loaded or unloaded in a homicide case." Appellant's Brief at 30 (emphasis in original; some capitalization omitted).

- 11 -

failure to prove any prong of the ineffectiveness test outlined in *Spotz* will defeat an appellant's claim of ineffectiveness.

After examining the second prong of the *Spotz* test, the PCRA court concluded that counsel had a reasonable basis for not further investigating, and for not introducing evidence relating to, ASD. PCRA Amended Rule 1925(a) Opinion, 9/14/22, at 9-11. We find no error in this conclusion.

Here, counsel expressed his concern that the jury could be offended by claiming Appellant was not culpable because he was autistic. N.T., PCRA Hearing, 2/4/22, at 45. Further, as the PCRA court observed:

> Trial counsel . . . stated on multiple occasions the information he had at the time of the trial about [Appellant's] potential diagnosis of ASD. Trial counsel testified that he used the county resources to have a mental health evaluation completed for [Appellant]. Trial counsel further stated that he trusted the evaluation done and that if someone is not diagnosed, they may be recommended to be further evaluated for an official diagnosis. Additionally, he testified, "In this instance that report did not give me more to go down the rabbit hole or go down the evaluation process of autism spectrum." Trial counsel had a mental health evaluation done of [Appellant]. The evaluation came back with no diagnosis nor any formal recommendation [that Appellant] seek further evaluation.
>
> Trial counsel also knew about [Appellant's] potential ASD [] from [Appellant] himself and his mother. Trial counsel testified that he knew that [Appellant's] mother talked about ASD and how [Appellant] self-reported it. Trial counsel made the determination, after having a mental health evaluation done and having no official diagnosis of ASD, not to bring up [Appellant's] possibility of ASD. Trial counsel made the strategic determination that the information he possessed at the time was, "not strong enough to put autism before the jury."

*Id.* at 10 (citations to notes of PCRA Hearing testimony omitted).

We find no error in the PCRA court's conclusion that trial counsel had a reasonable basis for failing to further investigate ASD and for failing to introduce evidence relating to ASD. Therefore, we shall not disturb its ruling in that regard. However, because we find that trial counsel was ineffective for failing to request a mistake of fact jury instruction, we reverse the PCRA court's order, vacate Appellant's judgment of sentence, and remand for a new trial.

Order reversed. Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/16/2023